Opinion by
 

 Jacobs, J.,
 

 At issue in this appeal is whether defendant has waived his duplicity-of-sentences claim. We hold that the claim has been waived.
 

 The claim arises from defendant’s convictions, along with his codefendants, on three bills of indictment. Each bill charged defendant with blackmail and extortion, the only difference in the bills lying in the particular of the specified date. The evidence at trial showed that on each of the three dates specified in the bills the defendant committed acts of blackmail and extortion, all acts being directed at the same victim and all designed to effect collection of a sum of money in excess of what was actually owed. Following defendant’s convictions on the bills, three consecutive sentences were imposed. These sentences were made
 
 *311
 
 concurrent with three additional sentences given defendant for conspiracy.
 

 On direct appeal to this Court by defendant and his codefendants the sentences on two of the conspiracy bills were vacated for duplicity, we holding that there had been only one conspiracy. See
 
 Commonwealth v. Marino,
 
 213 Pa. Superior Ct. 88, 245 A.2d 868 (1968),
 
 cert. denied,
 
 395 U.S. 983 (1969). No issue was raised concerning the possible duplicity of the blackmail-extortion sentences.
 

 The defendant petitioned for allocatur which was denied. See
 
 Commonwealth v. Marino,
 
 435 Pa. 245, 246-47, 255 A.2d 911, 913 (1969),
 
 cert. denied,
 
 397 U.S. 1077 (1970).
 
 [1]
 
 Next, defendant, with the assistance of counsel, filed a petition for relief under the Post Conviction Hearing Act, 19 P.S. §1180, but was denied relief following a hearing. In neither petition were the blackmail-extortion sentences placed in issue.
 

 Finally, a petition for arrest of sentence was filed alleging, for the first time, that the three sentences for blackmail and extortion are illegal as duplicitous. Relief was denied by the court below and we affirm for the reasons that follow.
 

 In an apparent effort to avoid the bar of waiver applicable to post-conviction proceedings, defendant has styled his challenge as directed at the lawfulness of his sentences. However, we have examined the bills of indictment and the sentences imposed thereon and we conclude that the sentences are per se lawful, each sentence being within the prescribed limits applicable to the offense charged. The gravamen of defendant’s complaint, therefore, is not that the sentences are un
 
 *312
 
 lawful in themselves, but that the convictions from which they arise are invalid. The cases cited by defendant, which hold non-waivable an attack upon the lawfulness of a sentence, are not in point; they are cases involving sentences unlawful per se. The present appeal, on the other hand, presents a different situation: We are asked to determine the propriety of defendant’s being thrice convicted on related facts, not the per se lawfulness of the resulting sentences. This necessarily entails a factual examination of the trial record. As defendant’s counsel conceded at the hearing, the claim turns upon the evidence. Such a claim, unlike a pure unlawfulness-of-sentence claim, is precisely the type of claim that is subject to waiver.
 

 As is evident from Judge Hoffman’s dissenting opinion in
 
 Commonwealth v. Clark,
 
 220 Pa. Superior Ct. 326, 286 A.2d 383 (1971),
 
 allocatur granted,
 
 222 Pa. Superior Ct. xlv (1972), the issue of duplicity of convictions is difficult and involved. However, whether it be considered a matter of sufficiency of evidence, or whether it be regarded as a double-jeopardy question, as in
 
 Clark,
 
 supra, and
 
 Nyman Motor Vehicle Operator License Case,
 
 218 Pa. Superior Ct. 221, 275 A.2d 836 (1971), the issue can be waived.
 
 Nyman,
 
 supra (double-jeopardy issue);
 
 Commonwealth v. Henderson,
 
 433 Pa. 585, 253 A.2d 109,
 
 cert denied,
 
 396 U.S. 936 (1969) (double-jeopardy issue);
 
 Commonwealth v. Mays,
 
 182 Pa. Superior Ct. 130, 126 A.2d 530,
 
 allocatur refused,
 
 182 Pa. Superior Ct. xxiv (1956) (sufficiency-of-evidence issue).
 

 Remaining for decision is the question of whether or not defendant’s present claim has in fact • been waived. Treating defendant’s petition as one for relief under the Post Conviction Hearing Act, 19 P.S. § 1180, which encompasses all due-process attacks, we turn to §3(d) of that act which bars relief in the event of
 
 *313
 
 waiver. Section 4(b) of the act, which defines waiver, provides that “an issue is waived if: (1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and (2) the petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.” Section 4(c) creates “a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.”
 

 Defendant’s present claim was not raised at trial, on direct appeal to this Court or the Supreme Court, nor in his first post-conviction petition and hearing, at all of which counsel were present. No “extraordinary circumstances” have been alleged which would justify his failure to raise it. Additionally, no evidence was presented at the hearing below tending to show that defendant did not act “knowingly and understandingly” when he failed to raise the claim. Absent such evidence, the § 4 rebuttable presumption mandates a finding that the failure was knowing and understanding. See
 
 Commonwealth v. Satchell,
 
 430 Pa. 443, 243 A.2d 381 (1968), holding that the § 4 presumption is constitutional;
 
 but cf. United States ex rel. Johnson v. Cavell,
 
 468 F.2d 304 (3d Cir. 1972). The presumption is strengthened by the fact that a similar issue, involving duplicity of the conspiracy sentences, was previously raised before this Court and relief was granted thereon. See
 
 Commonwealth v. Marino,
 
 213 Pa. Superior Ct. 88, 245 A.2d 868 (1968).
 

 In an effort to rebut the § 4 presumption, defendant asserts that his prior failure to raise his present claim could not be considered knowing and understanding because such failure could serve no strategic
 
 *314
 
 purpose. In essence he contends that only a strategic failure to raise a claim can operate as a valid waiver of rights. As authority for this proposition defendant cites
 
 Commonwealth v. Cheeks,
 
 429 Pa. 89, 239 A.2d 793 (1968), wherein the Supreme Court held that counsel’s failure to raise an issue on direct appeal could not be imputed to defendant since it presumably stemmed from counsel’s failure to keep abreast of recent developments in the law, and the failure to raise the issue served no tactical purpose. The present case, however, does not involve a recent development in the law; it involves a long-established area of the law. Additionally, since the
 
 Cheeks
 
 claim was based upon a decision handed down subsequent to Cheeks’ trial, there was only one occasion, the direct appeal to the Supreme Court, on which counsel could have raised the claim but did not. By contrast, counsel in the present case had four opportunities to raise the present claim: at trial, on direct appeal to this Court, in the petition to the Supreme Court, and in the first post-conviction petition and hearing. The fact that an issue identical to the one now pressed was raised with respect to defendant’s conspiracy sentences in the direct appeal to this Court suggests that the present issue was not completely foreign to defendant and his counsel during the previous stages of litigation.
 

 We conclude that the circumstances of the instant case clearly show a valid waiver of the opportunity to pursue the present claim. We do not view
 
 Cheeks,
 
 supra, as dictating a contrary result, and we are strengthened in this view by the other pronouncements on waiver made by our Supreme Court.
 
 See, e.g., Commonwealth v. Corbin,
 
 440 Pa. 65, 269 A.2d 475 (1970);
 
 Commonwealth v. Henderson,
 
 433 Pa. 585, 253 A.2d 109,
 
 cert. denied,
 
 396 U.S. 936 (1969);
 
 Commonwealth v. Black,
 
 433 Pa. 150, 249 A.2d 561 (1969);
 
 Common
 
 
 *315
 

 wealth ex rel. Linde v. Maroney,
 
 432 Pa. 324, 248 A.2d 235 (1968);
 
 Commonwealth v.
 
 Satchell, 430 Pa. 443, 243 A.2d 381 (1968).
 

 Accordingly, we hold that the present claim is one which can be waived and which has, in fact, been waived.
 

 Order affirmed.
 

 [1]
 

 The petition of a codefendant was granted on grounds not here relevant and an opinion was written thereon affirming the judgment of this Court. See
 
 commonwealth v. Marino,
 
 435 Pa. 245, 255 A.2d 911 (1969),
 
 cert. denied,
 
 397 U.S. 1077 (1970).