**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Lawrence ATKINS, Defendant-**
**Appellant.**

**No. 73–1561.**

United States Court of Appeals,
Ninth Circuit.

July 9, 1973.

**1224**

Richard H. Muller, Bouneff, Muller, Marshall & Hawkes, Portland, Or., for defendant-appellant.

Sidney I. Lizak, U. S. Atty., Charles H. Turner, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before CHAMBERS, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

The judgment of conviction is affirmed.

■ Defendant's first point is that the court committed plain error in a supplemental instruction given in response to a request by the jury for classification of one of the issues in the case. No objection to the instruction was made although the court specifically queried the parties regarding its propriety. We find that no plain error was committed.

■ Defendant's second point is that the sentencing court erred in considering a murder conviction of defendant's which had been reversed on appeal. *See* State v. Atkins, 251 Or. 485, 446 P.2d 660 (1968). This contention also lacks merit. A sentencing court may consider evidence of other crimes committed by the defendant even though he was never brought to trial, Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); United States v. Doyle, 348 F.2d 715 (2d Cir. 1965), or was brought to trial and acquitted, United States v. Sweig, 454 F.2d 181 (2d Cir. 1972), unless the evidence was obtained in violation of a constitutional right. Verdugo v. United States, 402 F.2d 599, 610–612 (9th Cir. 1968); *contra* United States v. Schipani, 435 F.2d 26 (2d Cir. 1970).

■ While a sentence will be set aside if the sentencing court gives explicit consideration to one or more convictions obtained in violation of defendant's constitutional rights without also considering the fact and effect of the unconstitutionality, United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the mere fact that an invalid conviction was obtained does not immunize the facts underlying this conviction from consideration by the sentencing judge. It appears on the face of the record in the present case that the sentencing judge was aware that defendant's murder conviction had been reversed. He was, therefore, entitled to consider the facts underlying the conviction and accord them whatever weight they deserved.

Affirmed.