Commonwealth *v.* Tisdale, Appellant.

78

Argued December 5, 1974. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ.
(VAN DER VOORT, J., absent).

*Marilyn J. Gelb,* for appellant.

*Marianne E. Cox,* Assistant District Attorney, with
her *Mark Sendrow* and *Steven H. Goldblatt,* Assistant
District Attorneys, *Abraham J. Gafni,* Deputy District
Attorney, *Richard A. Sprague,* First Assistant District
Attorney, and *F. Emmett Fitzpatrick,* District Attorney,
for Commonwealth, appellee.

OPINION BY JACOBS, J., March 31, 1975:

Appellant challenges the procedures involved in the imposition of his sentence by the court below. Specifically, he claims that he was doubly punished for the commission of one offense and that the lower court abused its discretion by injecting into its consideration of the sentence evidence of a crime for which appellant was acquitted. We find no merit in either argument and affirm the judgment of sentence of the lower court.

On July 31, 1973, appellant was arrested in connection with the killing of Edward Newton. During the arrest, it was discovered that appellant was carrying an illegal firearm. After being charged with murder and manslaughter, two counts of violating the Uniform Firearms Act,[1] two counts of possessing instruments of crime,[2] and one count of possession of a prohibited offensive weapon,[3] the case proceeded to trial before the court, a jury having been waived. At the conclusion of the trial, the court granted appellant's motion for a directed verdict on the murder and manslaughter charge, and also on the two counts of possessing instruments of crime. However, the court found appellant guilty of the two counts of violating the Uniform Firearms Act and possession of a prohibited offensive weapon. Sentencing was postponed to permit the undertaking of a pre-sentence investigation and report. Although appellant was informed of his right to file post-verdict motions, none were forthcoming. This fact was confirmed at the sentencing hearing by appellant's counsel.

After hearing testimony in favor of appellant from his mother and a friend, the court below sentenced ap-

---

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, §§6106 and 6108, 18 Pa. C. S. §§6106 and 6108.

2. Act of Dec. 6, 1972, P.L. 1482, No. 334, §907, 18 Pa. C. S. §907.

3. Act of Dec. 6, 1972, P.L. 1482, No. 334, §908, 18 Pa. C. S. §908.

pellant to one to two years imprisonment for violation of the Uniform Firearms Act and one to two years imprisonment for carrying a prohibited offensive weapon. The sentences were directed by the court to run consecutively. Afterwards in discussing the sentence, the court below made the following statement:

"I know under the law there were findings made by the Court. But I am convinced that this young man was very responsible for the death of that man. Very well. That is it." Notes of Testimony of hearing on June 10, 1974, at 15.

Defense counsel immediately objected, but the court explained that he realized that he had directed the verdict on the murder charge but felt that the murder charge and other arrests demonstrated that appellant was a "dangerous young man." However, appellant disputed one arrest made when he was a juvenile to which the court was referring. Consequently, the court postponed the hearing for two days so that the arrest could be investigated. The court offered to reconsider the sentence at that time. At the hearing two days later, it was established that appellant had in fact been arrested as a juvenile but never adjudicated delinquent. Accordingly, the lower court let the original sentence stand and this appeal followed.

Appellant first argues that the imposition of sentences on the two weapons charges (violation of the Uniform Firearms Act and possession of a prohibited offensive weapon) were illegal as constituting double punishment for one offense. Notwithstanding the possible merit in this argument, we must first consider whether this issue was waived by not being raised in the lower court. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 275 (1974). Our review of the record discloses that: (1) no objection was made to the lower court's finding of guilt on both weapons charges; (2) no objection was made to the imposition of sentence on both weapons charges; and

(3) no post-verdict motions were filed.

Appellant concedes in his brief that the sentences when considered separately are each within the statutory limits. He, however, claims that the sentence on each conviction violates his right not to be placed twice in jeopardy.

In *Commonwealth v. Rispo*, 222 Pa. Superior Ct. 309, 294 A.2d 792, *allocatur refused*, 222 Pa. Superior Ct. *xxxii* (1972), our Court considered this same question, that is whether a "double punishment" issue can be waived. There, we stated that

> "the issue of duplicity of convictions is difficult and involved. However, whether it be considered a matter of sufficiency of evidence, or whether it be regarded as a double-jeopardy question, . . . the issue can be waived." (citations omitted.)

*Id.* at 312, 294 A.2d at 794. As in the present case, the sentences in *Rispo* did not exceed their statutory limit. However, the defendant, in *Rispo*, still argued that being thrice convicted and sentenced on related facts was illegal as multiple punishment. Noting the difference between sentences that are unlawful per se and those that are imposed from invalid convictions, this Court stated: "Such a claim [of multiple punishment], unlike a pure unlawfulness-of-sentence claim, is precisely the type of claim that is subject to waiver." *Id.*

Having concluded that the first issue argued by appellant was waived, by not being raised in the lower court, we move next to the issue of whether the court below abused its discretion by considering when it imposed sentence evidence of another crime for which appellant was acquitted. After imposing sentence the lower court judge stated that he was convinced that appellant was responsible for the death of Edward Newton even though he had earlier acquitted appellant of that charge. A timely objection was entered and this issue is ripe for review.

Initially we must recognize that "[t]he trial judge has broad discretion in imposing sentence. If the sentence imposed is within statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment." *Commonwealth v. Riggins,* 232 Pa. Superior Ct. 32, 34, 332 A.2d 521, 522 (1974) ; *Commonwealth v. Shoemaker,* 226 Pa. Superior Ct. 203, 313 A.2d 342 (1973). In *Shoemaker,* our Court held that a sentencing court could consider as "prior criminal record" the arrests of the defendant, *whatever the outcome,* that took place prior to the day of sentencing. However, the Court cautioned sentencing judges that a reference to an arrest may not be ambiguous, i.e., it may not be mistaken for a conviction. Therefore, our Court placed upon the sentencing judge the requisite of using sound judgment in making use of the reference. *Commonwealth v. Shoemaker,* supra.

The federal courts have similarly granted the sentencing judge broad discretion in imposing sentence. They have held that a sentencing judge may consider evidence of other crimes of which defendant has been tried and acquitted or for which he had never even been tried. *United States v. Atkins,* 480 F.2d 1223 (9th Cir. 1973).; *United States v. Sweig,* 454 F.2d 181 (2d Cir. 1972).

In the present case, it is clear from the record that the sentencing judge did consider appellant's connection with the death of Edward Newton when sentencing appellant. However, it is also clear that the sentencing judge realized that appellant was not convicted of that murder and only weighed such evidence along with other considerations (prior arrests, possibility of employment, and family life)ι in determining the proper sentence. In light of the aforementioned authorities and the distinct circumstances of the instant case, we find no abuse of discretion by the lower court in imposing sentence which was well within the statutory limits.

Judgment affirmed.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.

---

CONCURRING AND DISSENTING OPINION BY SPAETH, J.:

I agree that the issue of duplicity has been waived. I cannot agree, however, that "it is . . . clear that the sentencing judge . . . only weighed [the murder charge] along with other considerations . . . in determining the proper sentence." I should not go so far as to say that precisely the contrary is what is clear. However, in face of the judge's statement that "[he was] convinced that [appellant] was very responsible for the death," I should remand for an explanation, and for further hearing, should that prove appropriate. *See Commonwealth v. Riggins*, 232 Pa. Superior Ct. 32, 332 A.2d 521 (1974) (SPAETH, J., dissenting).

HOFFMAN, J., joins in this opinion.