Commonwealth *v.* Walker, Appellant.

Submitted November 15, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John R. Cook,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Campbell* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 24, 1975:

Appellant, Joseph Vurlie Walker, was found guilty

after a jury trial of rape,[1] statutory rape,[2] corrupting the morals of a minor,[3] and violation of the liquor laws.[4] These charges were based on the following facts: On May 9, 1973, the 14-year-old prosecutrix and a 15-year-old girlfriend were hitchhiking on a road outside the city of Pittsburgh. Appellant picked them up and the trio drove around for awhile. After they drank some wine and smoked some marijuana, both of which had been obtained by appellant, the girlfriend decided to go home. The prosecutrix, who had become intoxicated and sick, stayed with appellant. Appellant then took the prosecutrix to a motel room where he engaged in sexual intercourse with her. Afterwards the prosecutrix was sent home in a taxi.

Appellant was given two 5-10 year concurrent sentences on the rape and statutory rape convictions and other shorter concurrent sentences on the two remaining convictions. On this appeal, several issues are raised which we find to be without merit.

Appellant first claims that the Commonwealth failed to prove that he was over the age of 16 at the time of the rape which is an element of the statutory rape charge. However, the prosecutrix testified that appellant told her that he was 21 years old. Although such evidence was not conclusive, it along with other facts and circumstances tended to prove that appellant was over the age of 16. See *Commonwealth v. San Juan*, 129 Pa. Superior Ct. 179, 195 A. 433 (1937).

---

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1, 18 Pa.C.S. §3121 (1973).

2. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1, 18 Pa.C.S. §3122 (1973).

3. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1, 18 Pa.C.S. §3125 (1973).

4. Act of April 12, 1951, P.L. 90, art. IV, §493, *as amended*, 47 P.S. §4-493 (1969).

Appellant next claims that the lower court erred in stopping him from cross-examining the girlfriend as to the reputation of the prosecutrix. Although the reputation of the prosecutrix may have been a relevant issue, the cross-examination of the girlfriend was not the proper time for its development. The reputation of the prosecutrix was not covered on the direct examination of the girlfriend, and thus, these questions were not within the scope of cross-examination. Moreover, as suggested by the prosecutor at trial, appellant was free to call the girlfriend as his own witness if he wanted to question her on this issue. We find no abuse of discretion by the lower court in limiting the scope of cross-examination. *See Commonwealth v. Bailey,* 450 Pa. 201, 299 A.2d 298 (1973).

Appellant also contends that the prosecution failed to establish a competent chain of custody as a foundation for the admission into evidence of the results of vaginal smears taken of the prosecutrix shortly after the crime which disclosed the presence of spermatazoa. At trial, the Commonwealth presented the testimony of the doctor who took the vaginal smears from the prosecutrix at the hospital. He testified that he turned them over to the emergency room nurse who put them on slides, placed them in a folder and labeled it. A police officer then testified as to the procedure followed by the police in transferring such evidence from the hospital to the crime lab. Although he did not specifically remember the case, the officer stated that the envelope containing the smears was similar to those he had delivered to the crime lab and that it was his signature that appeared on the crime lab receipt for the same envelope. A criminologist at the crime lab testified that he personally received the envelope from the officer, marked it according to the procedure used in the regular course of the crime lab's business, tested it for the presence of spermatazoa, and found spermatazoa present. According to the law, the Com-

monwealth need not identify such evidence beyond all doubt. *Commonwealth v. Mazarella,* 279 Pa. 465, 124 A. 163 (1924). Furthermore, it is within the discretion of the trial court to admit such evidence and its genuineness is a question for the jury. *Commonwealth v. Cardelli,* 18 Bucks 504 (1968). We are satisfied that the chain of custody for the vaginal smears was established and that the trial court properly admitted the same into evidence.

Appellant's final argument without questioning the sufficiency of the evidence for the rape and statutory rape convictions is that his right against double jeopardy was violated when he was sentenced on both convictions because they arose out of a single act. However, both sentences were within the statutory limits and the record discloses that no objection was entered by appellant at the sentencing hearing when he received concurrent sentences on both convictions. In *Commonwealth v. Tisdale,* 233 Pa. Superior Ct. 77, 334 A.2d 722 (1975), we held that a "double punishment" issue unlike a sentence that is unlawful per se can be waived by not being raised in the court below. In *Commonwealth v. Rispo,* 222 Pa. Superior Ct. 309, 294 A.2d 792, *allocatur refused,* 222 Pa. Superior Ct. *xxxii* (1972), the main case relied on by *Tisdale,* our Court concluded that "the sentences are per se lawful, each sentence being within the prescribed limits applicable to the offense charged." *Id.* at 311, 294 A.2d at 794. We are firmly convinced that the sentences in the present case are lawful per se in that they too are within the statutory limits. The only possible way to determine whether the convictions and sentences were based on one or more acts of intercourse by the appellant would be to carefully review the trial record. Because this issue was not raised in the court below, we refuse to decide its merits.[5] *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

---

5. Be it sufficient to state that we are doubtful whether the "concurrent sentence doctrine" would be applicable under the facts

Judgment affirmed.

SPAETH, J., concurs in the result.

———

CONCURRING AND DISSENTING OPINION BY HOFFMAN, J.:

I agree with the holdings of the Majority that the Commonwealth introduced sufficient evidence to prove that appellant was over 16 at the time of the offense charged, that there was no abuse of discretion by the trial court in limiting cross-examination of the Commonwealth's witness, and that the chain of custody of the vaginal smears was established, and thus properly admitted into evidence. I believe, however, that the case should be remanded for resentencing.

Appellant was indicted on September 19, 1973, and charged with rape, statutory rape, violation of the liquor laws, and corrupting the morals of a minor. On February 6, 1974, a jury found the appellant guilty on all charges. Thereafter, on June 4, 1974, appellant was sentenced to concurrent five to ten year sentences on the first two bills, three to twelve months on the third bill, and one to three years' imprisonment on the final bill, to run concurrently with the five to ten year sentence. Appellant contends that the court erroneously gave him two sentences for rape and statutory rape.

———

of the present case. In *Benton v. Maryland*, 395 U.S. 784 (1969), the United States Supreme Court reviewed the doctrine and found that it had been used in the past by appellate courts to avoid considering the validity of a *conviction* for a second crime when the court already decided that the conviction on the first crime was valid and the sentences for both crimes were concurrent. The Supreme Court went on to hold that there is "no jurisdictional bar to consideration of challenges to multiple *convictions*, even though concurrent sentences were imposed." *Id.* at 791 (emphasis added). In the present case there is no dispute as to the validity of appellant's *convictions* for rape and statutory rape, *see Commonwealth v. Cox*, 209 Pa. Superior Ct. 457, 228 A.2d 30, *allocatur refused*, 209 Pa. Superior Ct. *xxxix* (1967), and for this reason the "concurrent sentence doctrine" would not technically be applicable.

Initially, I agree that there is no objection to the sentence on record. The question is thus whether failure to object to an illegal sentence constitutes a waiver of that claim. In *Commonwealth v. Rispo*, 222 Pa. Superior Ct. 309, 294 A.2d 792 (1972), our Court made the following distinction between those claims relating to sentencing which can be waived and those which cannot: "The cases cited by defendant, which hold non-waivable an attack upon the lawfulness of a sentence, are not in point; they are cases involving sentences unlawful per se. The present appeal, on the other hand, presents a different situation: We are asked to determine the propriety of defendant's being thrice convicted on related facts, not the per se lawfulness of the resulting sentences. *This necessarily entails a factual examination of the trial record.* As defendant's counsel conceded at the hearing, the claim turns upon the evidence. Such a claim, unlike a pure unlawfulness-of-sentence claim, is precisely the type of claim that is subject to waiver." 222 Pa. Superior Ct. at 312, 294 A.2d at 794. (Emphasis added). *Rispo* is cited as authority in *Commonwealth v. Tisdale*, 233 Pa. Superior Ct. 77, 334 A.2d 722 (1975), for the proposition that a difference exists "between sentences that are unlawful per se and *those that are imposed from invalid convictions.*" *Id.* at 81, 334 A.2d at 724. (Emphasis added). The following discussion makes clear that review of the sentence in the instant case does not require an examination of the record. In addition, there is no question concerning *the validity of the convictions,* but only concerning the validity of separate sentences on two convictions arising from the same act.

In *Commonwealth v. Cox*, 209 Pa. Superior Ct. 457, 228 A.2d 30 (1967), habeas corpus denied sub nom. *United States ex rel. Cox v. Russell*, 283 F. Supp. 171 (E.D. Pa. 1968), this Court rejected the appellant's claim that he could not be convicted of both common law and statutory rape. We noted that "one unlawful act may con-

stitute more than one crime." 209 Pa. Superior Ct. at 467, 228 A.2d at 35. The Court, however, held that although a defendant could be convicted of both charges, ". . . the sentence imposed can be no greater than would have been proper had the conviction been one count only." *Id.* at 467, n.2, 228 A.2d at 35, n.2. The Court did not give application to that rule because "[a]s long as a defendant is not punished twice for the same act he has no cause of complaint. . . . Sentence having been suspended in indictment No. 69, this assignment of error is overruled." *Id.* In the instant case, the appellant was found guilty of rape and statutory rape, both convictions based on one act of intercourse. Therefore, although he may be convicted of both charges, he cannot be punished twice for the same act.

The Majority believes that because appellant received concurrent sentences on the two charges he is not being punished twice for the same act. This argument, however, was specifically rejected in *Commonwealth v. Wolfe,* 220 Pa. Superior Ct. 415, 420-421, 289 A.2d 153, 155-156 (1972) : "The Commonwealth argues, however, that since appellant received concurrent sentences on these two counts, he has suffered no prejudice. This argument is based on the 'concurrent sentence doctrine', a doctrine never accepted in Pennsylvania and recently discredited by the United States Supreme Court. In *Benton v. Maryland,* 395 U.S. 784 (1969), the Supreme Court rejected the 'concurrent sentence doctrine': '[o]ne can search . . . without finding any satisfactory explanation for the concurrent sentence doctrine. . . .

" '. . . as in Sibron [Sibron v. New York, 392 U.S. 40 (1968)], both of petitioner's convictions might some day be used to impeach his character if put in issue at a future trial. Although petitioner could explain that both convictions arose out of the same transaction, a jury might not be able to appreciate this subtlety.'

". . . The possibility of future prejudice to the appel-

lant is a sufficient basis upon which to vacate an improperly imposed concurrent sentence."

Because concurrent sentence was improperly imposed and because prejudice can arise from such a sentence, I would remand the instant case for resentencing.