362 A.2d 227
**COMMONWEALTH of Pennsylvania, Appellee,**
**v.**
**Joseph Vurlie WALKER, Appellant.**

Supreme Court of Pennsylvania.

Argued March 11, 1976.

Decided July 6, 1976.

328

John J. Dean, John R. Cook, Office of Public Defender, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Campbell, Asst. Dist. Atty., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

Appellant, Joseph Vurlie Walker, was tried before a jury and convicted of rape (commonly referred to as forcible rape), statutory rape, violation of the liquor laws and corrupting the morals of a minor. Post verdict motions were filed and denied. Walker was sentenced to

five to ten years' imprisonment on the rape conviction; five to ten years' imprisonment on the statutory rape conviction; three to twelve months' imprisonment on the violation of the liquor laws conviction and one to three years imprisonment on the corrupting the morals of a minor conviction. All sentences were to run concurrently. Walker appealed to the Superior Court which affirmed all judgments of sentence. This Court granted allocatur restricted to a single issue: namely, did the imposition of sentences on the statutory rape conviction and the rape conviction violate Walker's right against double jeopardy since both convictions were based upon the same and one act of sexual intercourse.

The facts which gave rise to this prosecution are as follows. On May 9, 1973, Walker, age 26, picked up a fourteen-year-old female and her fifteen-year-old female companion who were hitchhiking in suburban Pittsburgh. Walker inquired as to their ages and they responded with their correct ages. Walker suggested that they go riding in his automobile and the girls agreed. Some wine was produced and the three drank it. They later made several stops so that either Walker or the girls could run their own errands. Afterward Walker bought some wine and a quantity of marijuana which all three shared. The girls became intoxicated and ill; in fact, the fourteen-year-old began to vomit and became unconscious. Walker attempted to register all three at a motel so he could "sober up" his companions; however, they were refused. The fifteen-year-old then said she wanted to go home and Walker suggested she take a cab. He gave her five dollars in cash and a check, with his name printed on it, to pay for the transportation and she left. Walker then rented a room in a motel where he took the fourteen-year-old. Later when the young girl began to regain consciousness, she became aware Walker was having sexual relations with her. She screamed, but was warned to be quiet or she would be killed. She

again lapsed into unconsciousness and upon reawakening was sent home in a cab.

As stated above, only one issue is presently before this Court. Our inquiry is limited to whether the imposition of separate but concurrent prison sentences on the rape conviction [1] and the statutory rape conviction [2] constitute duplicitous sentences in the constitutional sense where both convictions grew out of the same and single act of intercourse. Initially, the Commonwealth contends that this issue has been waived since Walker failed to object to the sentences when imposed. See *Commonwealth v. Tisdale*, 233 Pa.Super. 77, 334 A. 2d 722 (1975). However, unlike the appellant in *Tisdale*, Walker is not attacking the propriety of being twice convicted for a single act and, as such, is not making a disguised attack on the validity of the convictions underlying the sentences. On the contrary, Walker's challenge is directed exclusively at the lawfulness of the sentences imposed upon these convictions. As such the claim has not been waived and is properly before us.[3]

1. Act of June 24, 1939, P.L. 872, § 721, as amended May 12, 1966 [Special Session No. 3] P.L. 84, § 1, 18 P.S. § 4721(a) [Supp. 1973–74].

2. Act of June 24, 1939, P.L. 872, § 721, as amended May 12, 1966 [Special Session No. 3] P.L. 84, § 1, 18 P.S. § 4721(b) [Supp. 1973–74].

3. The Superior Court found that each sentence was within the permissible range of imprisonment for each of the respective convictions by viewing them independently of one another and, therefore, ruled that this appeal was actually an attack on the validity of the underlying convictions which would require a review of the record. Accordingly, the Superior Court held that the issue had been waived. *Commonwealth v. Walker*, 234 Pa.Super. 433, 340 A.2d 858 (1975). However, it is beyond the power of a court imposing sentence to impose multiple sentences on a defendant for a single act; those sentences are unlawful. *Commonwealth v. Carroll*, 131 Pa.Super. 357, 200 A. 139 (1938); *Commonwealth v. Ernesto*, 93 Pa.Super. 339 (1928); *Commonwealth v. Camwell*, 89 Pa.Super. 339 (1926); *Commonwealth v. Veley*, 63 Pa.Super. 489 (1916). The lawfulness of those sentences must be viewed together, where, as here, the facts set out in the indictment make out but a single act upon which the charges in the indictment rest.

*Commonwealth v. Rispo,* 222 Pa.Super. 309, 294 A.2d 792 (1972), allocatur refused, 222 Pa.Super. xxxii (1972). Second, the Commonwealth maintains that since the sentences were concurrent, Walker has suffered no prejudice and cannot be heard to complain at this point. However, concurrent sentences, at least because of their collateral consequences have been held to be sufficiently prejudicial to a defendant to constitute a justiciable controversy and, as such, can constitute double punishment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L. Ed.2d 707 (1969); *Commonwealth v. Wolfe,* 220 Pa.Super. 415, 289 A.2d 153 (1972).

■■ Substantively, Walker requests relief from allegedly duplicitous sentences based on the double jeopardy clause of the Constitution of the United States. It is well-settled that this constitutional provision was designed to prevent an accused from being twice punished for the same offense as well as from being twice tried for it. *Kepner v. United States,* 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1903); *Ex parte Lange,* 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 (1873). Accordingly, our task is to determine whether Walker has been punished twice in the constitutional sense.

■■ Analysis of duplicitous sentence questions has traditionally revolved around the concept of injury to the sovereign, in this case the Commonwealth. One of the purposes of the criminal law is to punish offenses against the Commonwealth, as defined by the Legislature, and it follows that, "[t]he criminal prosecution is for the injury done to the Commonwealth, and not for the injury done to the individual who may, if entitled, obtain redress through a civil action. Where there is but one act of cause of injury, or death of a number of persons, there is but one injury to the Commonwealth, but where t⁷ ⸬ acts or causes are separate, they are separate injuries to the peace and dignity of the Commonwealth."

*Commonwealth v. Veley,* 63 Pa.Super. 489, 496 (1916). See also *Commonwealth v. Carroll,* 131 Pa.Super. 357, 200 A. 139 (1938); *Commonwealth v. Ernesto,* 93 Pa.Super. 339 (1928); *Commonwealth v. Camwell,* 89 Pa.Super. 339 (1926). Therefore, in order to support the imposition of two sentences in this case, it must be found that Walker's conduct constituted two injuries to the Commonwealth.

 Without here considering the convictions for corrupting the morals of a minor and violation of the liquor laws or the facts supporting those convictions, we look to Walker's conduct to determine how many offenses against the Commonwealth have been committed. At Walker's urging, the victim ingested intoxicants until she became unconscious. Then, by taking advantage of her advanced intoxication and by threatening to kill her, Walker had sexual relations with her. His use of force to procure relations without the victim's consent constitutes but a single act and his single act constitutes but a single offense against the peace and dignity of the Commonwealth.

 That there is but one offense against the Commonwealth instantly is clear from the statute applicable to this case.[4] 18 P.S. § 4721 defines the crimes of rape and statutory rape in such a manner that the crimes are mutually exclusive. Under 18 P.S. § 4721(a), unlawful carnal knowledge of any female, regardless of age, which is procured by force and accomplished against the victim's will is the crime of rape. Under 18 P.S. § 4721(b), consensual carnal knowledge of a female under the age of sixteen years, by a male, not her husband, older than sixteen, is made a crime and that crime is statutory rape. Under Section 4721(a) rape can be perpetrated against any female, whether or not the victim is

4. Act of May 12, 1966 [Special Sess. No. 3], P.L. 84, § 1, 18 P.S. § 4721 [Supp.1973–74].

under age; the crux of the offense is force and lack of the victim's consent. The statutory rape provisions are only applicable when the victim is under age and has consented, thereby excluding the crime of rape. Accordingly, under the statute, intercourse may be the offense of statutory rape only if the female is under the age of sixteen and has consented; however, all intercourse procured by force against the victim's will, regardless of the victim's age is the crime of rape. In sum, a female's consent to sexual intercourse excludes the possibility of a conviction for the offense of rape and makes the act of intercourse criminally cognizable only if the consenting female is under the age of sixteen. On the other hand, lack of the female's consent excludes the possibility of a conviction for statutory rape but is criminally cognizable as the crime of rape if the non-consensual intercourse was initiated through the use of force.[5]

Further, the penalties imposed under 18 P.S. § 4721 manifest a legislative intent to deter and punish the use of force. Unlawful non-consensual intercourse, that is rape, is punishable by either (1) a fine of up to $10,000 or fifteen years to life imprisonment or both, where serious bodily injury is inflicted upon the victim during commission, or (2) a fine of up to $10,000 or up to twenty years imprisonment or both where no serious bodily injury is inflicted during commission. Consensual, but unlawful, sexual intercourse with an under-age female, that is statutory rape, carries a penalty of a fine up to $7,000 or imprisonment of up to fifteen years

5. Although convictions for the crimes of statutory rape and rape based on a single act of intercourse are mutually exclusive under 18 P.S. § 4721, we express no opinion concerning the right of the Commonwealth to charge a defendant in an information or indictment with both crimes in the alternative. Indeed, given the proof problems inherent in the law of rape, there may well be situations where it is necessary and proper to charge both crimes as alternatives.

imprisonment or both.[6] Throughout the statute, the penalty increases as the degree of force used in commission increases. The deterrent effect of the legislative scheme is intended to be the prevention of forcible, non-consensual intercourse and, therefore, the protection of all women from forcible invasions of the person. On the other hand, the primary consideration in prohibiting unlawful, consensual intercourse with an underage female has been traditionally attributed to the legislative desire to protect those who are too unsophisticated to protect themselves.

From the foregoing, the legislative scheme to protect all females from invasions of the person can be determined. The Legislature seeks to protect all females from force and where force is used, the actor is guilty of rape. On the other hand, the Legislature seeks to protect some females from their own lack of sophistication and an actor who trades on unsophistication, as defined in the statute by age, is guilty of the crime of statutory rape. Here, Walker was not taking advantage of the girl's lack of sophistication, *per se,* to procure her consent, but rather, used force and threats to induce sexual relations. Therefore, it is the Commonwealth's interest in prohibiting and preventing forcible invasions of the person which is offended here, not the Commonwealth's interest in protecting the unsophisticated since sophistication and age become irrelevant once force or violence is used against a victim. Accordingly, the Commonwealth has suffered only one injury from Walker's single act of unlawful sexual intercourse and Walker's single act mandates but one punishment.[7]

6. 18 C.P.S.A. §§ 3121 and 3122, which has repealed and supplanted 18 P.S. § 4721, further evidences the legislative intent to deter and punish force as the most reprehensible element of the law of unlawful sexual intercourse. Those sections grade rape as a felony of the first degree and statutory rape as a felony of the second degree.

7. Appellant, by analogy, makes an argument which, in effect, contends that the crime of statutory rape is a lesser included offense

This Court acknowledges that prior to the enactment of 18 P.S. § 4721, courts of the Commonwealth had held that a defendant could be convicted of rape and statutory rape based on a single episode of unlawful sexual intercourse. However, those cases also stated that although dual convictions for a single episode were possible, the defendant could only be sentenced as if there were but one conviction. *Commonwealth v. Cox,* 209 Pa.Super. 457, 228 A.2d 30 (1967), allocatur refused, 209 Pa.Super. xxxix, habeas corpus denied sub nom. *United States ex rel. Cox v. Russell,* 283 F.Supp. 171 (E. D.Pa.1968); *Commonwealth v. Samyan,* 21 Pa.D. & C. 401 (1934). Moreover, whatever wisdom may have influenced that position does not influence this Court in rendering the instant decision since both *Cox* and *Samyan* were decided under statutes which preceded the statute applicable to this case and differed materially, at least in the definition of statutory rape, from the statute applicable to the case at bar. Prior to May 12, 1966, when the Legislature amended 18 P.S. § 4721 by creating 18 P.S. §§ 4721(a) and (b) and changing the language of the former statute from "with or without her consent" to "with her consent," statutory rape could be accomplished either consensually or nonconsensually. However, after the amendment, statutory rape was limited to consensual intercourse exclusively.[8] We believe that this legislative

in the crime of rape. However, our analysis here is solely on the basis of the number of offenses Walker has committed against the Commonwealth and we do not reach or express any opinion concerning the impact of the concept of lesser included offenses or the operation of the doctrine of merger upon the law of rape and statutory rape.

8. It is clear from the record that the trial judge incorrectly charged the jury on the point of statutory rape. In his charge, the trial judge stated the law as it existed prior to the amendment of 18 P.S. § 4721, in fact, he read and repeated the phrase "with or without consent" which had been eliminated by the amendment of 1966 and which amended statute was applicable to the case at bar. However material that error may be and whatever effect it may have had on this case is not now before us. First, as stated above, our inquiry in the instant appeal is limited

amendment changed the character of the offenses to such an extent that *Cox* and *Samyan* are readily distinguishable. While there is no need to overrule these cases, they are not controlling here.

Hence, we rule that under the circumstances Walker was unlawfully sentenced for statutory rape, and that sentence is set aside. The remaining sentences imposed for rape, violation of the liquor laws and corrupting the morals of a minor are affirmed.

Hence, the order of the Superior Court is reversed in so far as it affirmed the judgment of sentence imposed on the statutory rape conviction. In all other respects the order is affirmed.

MANDERINO, J., joins in this opinion and filed a concurring opinion.

POMEROY, J., filed a dissenting opinion in which NIX, J., joins.

MANDERINO, Justice (concurring).

I join in the majority opinion by Mr. Justice Eagen. I should like to add that the issue of double jeopardy is similar to an issue of subject matter jurisdiction. It may be raised at any time even initially on appeal. Constitutionally, no court has jurisdiction to try or sentence a person twice, in violation of the Federal and Pennsylvania Constitutions. *See Commonwealth v. Bartolomucci,* 468 Pa. 338, 362 A.2d 234 (1976) (filed July 6, 1976).

POMEROY, Justice (dissenting).

The Court today reverses the judgment of sentence imposed upon appellant's conviction for statutory rape on

to the lawfulness of the sentences imposed rather than the validity of the convictions upon which the sentences were imposed. Second, no objection to the incorrect charge was made at trial or in the post verdict motions filed on Walker's behalf. Therefore, the issue has been waived, *Commonwealth v. Raison,* 458 Pa. 378, 326 A.2d 284 (1974); Pa.R.Crim.P. 1119(b), and may not serve as a basis for reversing Walker's convictions.

the basis of an issue that has not been properly preserved for appeal purposes. For this reason, I must dissent.

Although the Court apparently agrees with the Commonwealth that the issue of the propriety of the sentencing of appellant on both his convictions for rape and statutory rape was not raised in the trial court, it nonetheless goes on to consider the merits of appellant's double jeopardy challenge. Assuming that the Court is correct that appellant's claim is solely an attack upon the lawfulness of the two sentences and not merely a disguised attack on his convictions,[1] consideration of this issue is foreclosed by this Court's holding in *Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974).

In *Piper*, over my dissent, a majority of the Court held that the failure to object to the constitutionaiity of the sentence imposed at the time of sentencing constituted a waiver of that issue. While, as my dissenting opinion demonstrated, I did not believe that finding a waiver in that case was in the best interests of justice, 458 Pa. at 312–315, I do believe that the Court should consistently apply its waiver rules. See also my dissenting opinion in *Commonwealth v. Bartolomucci*, 468 Pa. 338, 362 A.2d 234. Application of the *Piper* decision in this case

1. I find the conclusion of the Superior Court compelling that appellant's challenge is not to the lawfulness of the sentences per se but an attack on his convictions. *Commonwealth v. Walker*, 234 Pa.Super. 433, 340 A.2d 858 (1975). In effect appellant's challenge is nothing more than an attack on the sufficiency of the evidence to support both convictions. That this is so, is borne out by the fact that the Court finds it necessary to conclude that (1) under the Crimes Code convictions for rape and statutory rape based on a single act of intercourse are mutually exclusive; (2) that the record in this case demonstrates that both convictions rested upon a single act of non-consensual intercourse; and (3) that the fact that the intercourse was non-consensual precluded conviction of statutory rape. See *Commonwealth v. Tisdale*, 233 Pa.Super. 77, 334 A.2d 722 (1975) (allocatur denied, June 20, 1975); *Commonwealth v. Rispo*, 222 Pa.Super. 309, 294 A.2d 792 (1972) (allocatur denied, December 1, 1972).

338

should preclude our consideration of the merits of appellant's claim.[2b] Hence this dissent.

NIX, J., joins in this dissenting opinion.

2. The fact that a constitutional issue is involved and the fact that we granted allocatur specifically to consider that issue does not compel a different result. 458 Pa. at 310 nn. 6, 7, 328 A.2d 845 (1974).