364 A.2d 338

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert P. McCABE, Appellant.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

Michael B. Kean, R. Sebastian, West Chester, for appellant.

Vram Nedurian, Jr., Asst. Dist. Atty., Newtown Square, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

"On July 19, 1972, Daniel Centrone, a sixteen year old youth, received extensive injuries as a result of a vicious beating and stabbing administered by a group of men belonging to the Warlocks Motorcycle Club in the Delcroft Shopping Center, Folcroft, Delaware County, Pennsylvania. As a result of this beating the victim sustained severe cerebral contusions, brain stem contusions, resultant brain injury, rigidity of arms and legs, stab wounds of the back, cardiac arrest and remained in a coma for three weeks after the beating. The youth subsequently spent twenty-two weeks at Fitzgerald Mercy

Hospital and six weeks at the Magee Rehabilitation Center." Opinion of Lower Court at 1. Appellant, Robert P. McCabe, was one of three persons charged with the crime. After a trial by jury, appellant was found guilty of assault with intent to maim, assault with intent to kill, and conspiracy.[1] The following sentences were then imposed: 2½ to 5 years of imprisonment for assault with intent to maim, 3½ to 7 years imprisonment for assault with intent to kill, and 1 to 2 years of imprisonment for conspiracy. The sentences were directed to run consecutively. Appellant's judgment of sentence was affirmed by this Court and allocatur was refused by our Supreme Court. *Commonwealth v. McCabe,* 229 Pa. Super. 758, 325 A.2d 641, *allocatur refused,* 229 Pa.Super. *xxxvii* (1974).

Subsequently, appellant filed with the lower court a petition for the correction of his sentence. He argued to the lower court that his conviction for assault with intent to maim merged into his conviction for assault with intent to kill and, therefore, he was being punished twice for the same act by being sentenced separately for each crime. However, it is admitted by appellant that the double punishment argument was not raised at the trial court level nor raised on appeal to this Court or the Supreme Court. It is also evident that the various sentences appellant received for the crimes of which he was found guilty were individually within the statutory limits and not unlawful per se. Generally, when one offense merges into another only one punishment may then be imposed. *See Commonwealth v. Nelson,* 452 Pa. 275, 305 A.2d 369 (1973); *Commonwealth ex rel. Tokarchik v. Claudy,* 174 Pa.Super. 509, 102 A.2d 207, *allocatur refused,* 174 Pa.Super. *xxvii* (1954). Nevertheless, on several occasions we have held that where the sentence is

1. Appellant was prosecuted under the old Penal Code: Act of June 24, 1939, P.L. 872, § 712, 18 P.S. § 4712 (assault with intent to maim); § 710, 18 P.S. § 4710 (assault with intent to kill); § 302, 18 P.S. § 4302 (conspiracy).

lawful per se (within the statutory limits) and no objection is made in the lower court to the resulting double punishment, we will consider the question as having been waived, *Commonwealth v. Tisdale*, 233 Pa.Super. 77, 334 A.2d 722, *allocatur refused*, 233 Pa.Super. *xxxv* (1975) ; *Commonwealth v. Rispo*, 222 Pa.Super. 309, 294 A.2d 792, *allocatur refused*, 222 Pa.Super. *xxxii* (1972). *See also Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974). Recently, however, our Supreme Court has held that a challenge to a sentence may be made on appeal even though no objection was entered in the court below. *Commonwealth v. Walker*, —— Pa. ——, 362 A.2d 227 (filed July 6, 1976). In that case, defendant objected on direct appeal to the imposition of two sentences of imprisonment for the commission of one criminal act. Because "the facts set out in the indictment [made] out but a single act upon which the charges in the indictment" were based, the Supreme Court held that it was *unlawful per se* for the defendant to be sentenced twice for only one criminal act. *Id.* at —— n. 3, 362 A.2d at 230. Although it would appear that *Walker* controls the present case, we are inclined to hold otherwise for the following reasons.

First, in *Walker* the defendant objected to his double punishment on direct appeal to this Court as well as the Supreme Court. In the instant case, appellant failed to challenge his sentence at the trial court level, on direct appeal to this Court, or when allocatur was applied for with the Supreme Court. We are satisfied that the judicial interests set forth in *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) would best be served by requiring at the minimum that a defendant assert his challenge to an illegal sentence on counseled direct appeal or thereafter be precluded from raising the issue.[2] *See*

2. This is not to say that a defendant may not request relief by way of a claim of ineffective assitance of counsel when irregularities in the proceedings in the lower court have not been properly raised by his trial attorney. *See Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

*Commonwealth v. Piper,* supra (where a constitutional issue regarding sentence was held waived because not raised in the trial court or the Superior Court).

Second, it was clear in *Walker* that the indictment set forth but one act upon which the multiple charges were based. *Id.* at ——, 362 A.2d at 230 n. 3. In the present case, the indictment charging appellant with assault with intent to maim stated that the crime was committed "on (or about) July 19, 1972." Similarly, the indictment charging appellant with assault with intent to kill stated that the crime was committed "on (or about) July 19, 1972." Furthermore, the Bill of Particulars requested by appellant prior to trial did not indicate whether the two assault charges were the result of one act or not. Under these circumstances, a complete review of the trial testimony would be necessary to determine whether appellant's conviction for assault with intent to maim and assault with intent to kill were founded upon several criminal acts committed at different times or upon solely one act.

We are reluctant to again consider the totality of evidence introduced against appellant in this case. When the indictments do not indicate that the sentences imposed were based on one act or several acts, we cannot say that the sentences were unlawful on their face. Consequently, we hold that appellant has waived his double punishment claim.

Order affirmed.

HOFFMAN, J., files a dissenting opinion in which Spaeth, J., joins.

HOFFMAN, Judge (dissenting):

The only issue raised by appellant is whether the lower court had jurisdiction to correct an illegal sentence.

Appellant was sentenced to three and a half to seven years' imprisonment on a charge of assault with intent

to kill; 18 P.S. § 4710,[1] and to two and a half to five years' imprisonment on a charge of assault with intent to maim, 18 P.S. § 4712.[2] The Commonwealth apparently concedes that the two offenses merged for sentencing purposes. The Commonwealth argues that because the issue was not previously litigated on direct appeal, *Commonwealth v. McCabe,* 229 Pa.Super. 758, 325 A.2d 641 (1974), the issue of the legality of the sentence was waived and cites *Commonwealth v. Walker,* 234 Pa.Super. 433, 340 A.2d 858 (1975); *Commonwealth v. Tisdale,* 233 Pa.Super. 77, 334 A.2d 722 (1975); and *Commonwealth v. Rispo,* 222 Pa.Super. 309, 294 A.2d 792 (1972), in support of that proposition.

*Commonwealth v. Walker,* supra, has subsequently been reversed by the Supreme Court. *Commonwealth v. Walker,* —— Pa. ——, 362 A.2d 227 (filed July 6, 1976). In *Walker,* the Supreme Court disposed of the issue of waiver of an illegal sentence as follows: "As stated above, only one issue is presently before this Court. Our inquiry is limited to whether the imposition of separate but concurrent prison sentences on the rape conviction and the statutory rape conviction constitute duplicitous sentences in the constitutional sense where both convictions grew out of the same and single act of intercourse. Initially, the Commonwealth contends that this issue has been waived since Walker failed to object to the sentences when imposed. See *Commonwealth v. Tisdale,* 233 Pa.Super. 77, 334 A.2d 722 (1975). However, unlike the appellant in *Tisdale,* Walker is not attacking the propriety of being twice convicted for a single act and, as such, is not making a disguised attack on the validity of the convictions underlying the sentences. On the contrary, Walker's challenge is directed exclusively at the lawfulness of the sentences imposed upon these convictions. As such the claim

1. The Penal Code, Act of June 24, 1939, P.L. 872, § 710.

2. The Penal Code, supra, § 712.

has not been waived and is properly before us. *Commonwealth v. Rispo*, 222 Pa.Super. 309, 294 A.2d 792 (1972), allocatur refused, 222 Pa.Super. xxxii (1972)." (Slip opinion at 2–3) (footnotes omitted).

As the Majority concedes, " . . . it would appear that *Walker* controls." (At ——). The Majority attempts to distinguish *Walker* from the instant case as follows: although Walker did not object when the sentence was imposed, he raised the issue on direct appeal; the appellant failed to raise the issue on direct appeal and thereby waived the issue.

The Supreme Court in *Walker* reaffirmed the long standing principle that an accused never waives an illegal sentence. The majority is correct that this Court has evolved an exception to that principle. See *Commonwealth v. Tisdale*, supra; *Commonwealth v. Rispo*, supra. That exception was most clearly stated in *Commonwealth v. Rispo*, supra at 311–12, 294 A.2d at 793–794: "In an apparent effort to avoid the bar of waiver applicable to post-conviction proceedings, defendant has styled his challenge as directed at the lawfulness of his sentences. However, we have examined the bills of indictment and the sentences imposed thereon and we conclude that the sentences are per se lawful, each sentence being within the prescribed limits applicable to the offense charged. The gravamen of defendant's complaint, therefore, is not that the sentences are unlawful in themselves, but that the convictions from which they arise are invalid. The cases cited by defendant, which hold non-waivable an attack upon the lawfulness of a sentence, are not in point; they are cases involving sentences unlawful per se. The present appeal, on the other hand, presents a different situation: We are asked to determine the propriety of defendant's being thrice convicted on related facts, not the per se lawfulness of the resulting sentences. This necessarily entails a factual examination of the trial record. As defendant's counsel conceded at the hearing,

the claim turns upon the evidence. Such a claim, unlike a pure unlawfulness-of-sentence claim, is precisely the type of claim that is subject to waiver."

*Rispo* impliedly recognized that the waiver doctrine did not apply to a claim of unlawfulness of a sentence, even though not raised on direct appeal. If an unlawful sentence cannot be waived, it cannot be waived by failing to raise it on direct appeal. Thus, the Majority's attempt to distinguish the instant case from *Walker* simply does not withstand analysis.

The Majority also distinguishes *Walker* on the ground that in *Walker*, the reviewing court did not have to review the record to decide the merger issue, whereas we would have to review the record to determine the merit of appellant's claim. I recognize that the waiver doctrine is grounded in notions of judicial economy, and that review of the record does require additional judicial effort. However, I find no support in *Walker* for the Majority's distinction. In addition, the Majority cites no cases in support of its proposition—there are none. Finally, as discussed above, we have created only one exception to the rule that an unlawful sentence is never waived. As stated in *Rispo*, a litigant cannot raise a challenge to the *validity* of the underlying conviction under the rubric of an unlawful sentence. Appellant contends that two offenses for which he was convicted—although either conviction standing alone would be valid—should have merged. That claim does not come within the express terms of the narrow exception created by *Rispo*.

Therefore, I dissent and would remand for resentencing.

SPAETH, J., joins in this dissenting opinion.