430 A.2d 681

COMMONWEALTH of Pennsylvania,

v.

Randy Allen SNAIR, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 9, 1981.

Filed May 29, 1981.

432

Robert G. Kochems, Mercer, for appellant.

Charles S. Hersh, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before BROSKY, DiSALLE and SHERTZ, JJ.

DiSALLE, Judge:

Appellant, Randy Allen Snair, pleaded guilty to the statutory rape [1] of a 12 year old girl. He was sentenced to 2½ to 7 years imprisonment, and argues in this direct appeal that his sentence is excessive and that the sentencing judge did not comply with required sentencing procedures. He re-

[1]. 18 Pa.C.S.A. § 3122 (Supp. 1980–81).

quests that we vacate the judgment of sentence and remand this case to the lower court so that he may be resentenced. We refuse to do so and will affirm the lower court.

The facts are as follows: At the time of the rape, appellant was 24 years old and married. The victim, 12 years old, was attempting to run away from home,[2] which she had left on Sunday, August 19, 1979. With the permission of a friend's[3] parent, the victim spent that night in a spare bedroom at the friend's home. The next day, at about 12:30 P.M., appellant spoke with the victim at the friend's home and told her she could stay at the house of his grandparents, who were on vacation. The victim accepted the offer and appellant secreted her to his grandparents' house in his truck. Appellant entered the house through a cellar window and admitted the victim into the house through the back door. A short time after entering the house appellant called the victim into a bedroom where he had sexual intercourse with her. The victim attempted to stop appellant but could not. After appellant had finished, the victim locked herself in the bathroom. Appellant cautioned the victim not to tell anyone about the incident because he was married and his wife was pregnant. Approximately one half-hour elapsed between the time appellant entered the house, raped the victim, and left.

Appellant claims that at his sentencing the judge failed to comport with the mandates of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), which require the sentencing judge to articulate on the record his reasons for the sentence, and *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976), under which the sentencing court must give individualized consideration to the circumstances of the crime and the character of the defendant. We disagree.

█ The record establishes that the sentencing court considered the seriousness of the statutory rape offense in and

**2.** The record does not reveal how far from home the victim traveled; it seems clear, however, that she never left her hometown of Hermitage, Pennsylvania.

**3.** The friend is the brother of the appellant.

of itself as a factor in sentencing appellant. This is a proper consideration under Section 1325(3) of the Sentencing Code:[4]

The court shall impose a sentence of total confinement if...it is of the opinion that...

\*  \*  \*  \*  \*  \*

a lesser sentence will depreciate the seriousness of the crime of the defendant.

*See also Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976) (discussion of the seriousness of rape and statutory rape).

■ Without specifically referring thereto,[5] the lower court also considered factors listed in Section 1322 of the Sentencing Code.[6] The court obviously was concerned with

---

**4.** 18 Pa.C.S.A. § 1325(3) (Supp. 1980–81).

**5.** *See Commonwealth v. Roberts,* 263 Pa.Super. 237, 397 A.2d 1187 (1978) (Petition for Allowance of Appeal denied 16 April 1979) (Specific reference to the Sentencing Code is not required).

**6.** 18 Pa.C.S.A. § 1322 (Supp. 1980–81):

The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of an order of probation:

(1) The criminal conduct of the defendant neither caused nor threatened serious harm.

(2) The defendant did not contemplate that his conduct would cause or threaten serious harm.

(3) The defendant acted under a strong provocation.

(4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.

(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.

(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.

(10) The defendant is particularly likely to respond affirmatively to probationary treatment.

(11) The confinement of the defendant would entail excessive hardship to him or his dependents.

the age disparity between appellant and the victim—eight times drawing attention to the victim's age—and the deleterious effect a rape can have on a 12 year old child. The court considered the victim's mental stability in light of the fact that she was a runaway child, and how this, in addition to her tender age, made her even more vulnerable. The court noted that it was appellant who initiated the crime by offering the victim asylum at his grandparents' home and that the victim did not consent to the act. Appellant's prior criminal record, his military record, his marital and familial relationships, his employment, and his personality were also considered by the court. (According to the pre-sentence investigation report, appellant was unemployed, immature, and impulsive.) Finally, the court considered imposing a sentence of probation or partial confinement, but dismissed these possibilities because of the crime involved and appellant's poor employment prospects. The court also explained its reasons for the length of appellant's sentence: the minimum was imposed because appellant did not have a serious prior criminal record, and the maximum was imposed to maintain supervision over him. We find, therefore, that the lower court did sentence appellant in accordance with the mandates of *Martin* and *Riggins, supra.*

Most disturbing to us, however, is appellant's claim that his sentence was excessive because, as he puts it, he committed "an act of *indiscretion,* not an act of violence." (Emphasis added.) We do not view the willful, sexual violation of a 12 year old child by a 24 year old man as an indiscretion. Even more appalling is appellant's argument that "[t]he girl was a runaway and...he believed she had had prior sexual experience." This attempt to justify his behavior staggers the imagination.

■ Appellant's 2½ to 7 year sentence for luring an immature, ingenuous, and unsophisticated 12 year old child into his grandparents' home and there having sexual intercourse with her was hardly excessive. In our view, the circumstances of this case would easily support a much longer

(12) Such other grounds as indicate the desirability of probation.

sentence and, indeed, the appellant should consider himself fortunate that the lower court accepted a plea to statutory rape rather than forcible rape, for which the maximum term of imprisonment is twenty years.[7] We believe that when a 24 year old man rapes a 12 year old child, and then attempts to rationalize his despicable act by spurious assertions, he has not demonstrated that appreciation of the gravity of his crime which might call for a lesser sentence.

Judgment of sentence affirmed.

---

7. The maximum term of imprisonment for statutory rape is ten years. 18 Pa.C.S.A. § 1103(2).