**Beulah Vay FORTUNE, Appellant,**

v.

**Harper FORTUNE, Appellee.**

No. 2073.

Municipal Court of Appeals for the District of Columbia.

Submitted Oct. 7, 1957.

Decided Jan. 24, 1958.

Thurman L. Dodson and E. Lewis Ferrell, Washington, D. C., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is an appeal by the wife from a dismissal of her complaint for divorce. Suit was brought against the husband for an absolute divorce on the ground of desertion for two years. The testimony of the wife was to the effect that, due to the husband's excessive drinking, they had not cohabited as man and wife since February 1953, although they lived in the same house, occupying separate bedrooms until March 1955, when, following a week end of excessive drinking, he came home and became unconscious. She was unable to reach his physician and tried unsuccessfully to have him admitted to a hospital. The wife notified his mother, who came to the house, and when he regained consciousness after some hours he left the house with his mother, taking his personal effects and clothes with him. Since that time the parties have never lived together, and he has continued to live with his mother. A neighbor of the wife testified, corroborating her testimony in several particulars; the husband offered no evidence.

At the conclusion of all the testimony the court insisted that counsel for appellant call as a witness the mother of the husband. Counsel refused on the ground that he knew her to be an adverse witness, whereupon the court said: "You will either have to produce her or I will dismiss the case." Counsel stated he had no objection to the court's calling her, and when it became evident the court would not call the witness, he then asked for an opportunity to confer with the mother, which request was refused. The court thereupon denied the divorce, and this appeal followed.

The court apparently based its decision on our ruling in Schroeder v. Schroeder,[1] where we said:

"* * * Corroboration is of course desirable in all cases, and where cor-

*roboration* obviously is available, failure to produce it may seriously impair plaintiff's credibility. Again, a plaintiff's testimony may be of such nature that the trial court may find it unconvincing unless *corroborated*. And if from the evidence any suspicion of collusion appears the trial court may and should require more testimony than that of the plaintiff alone." (Emphasis supplied.)

It is obvious that the thrust of the Schroeder decision was in reference to *corroborating* witnesses who presumably would be in a position to confirm or support the plaintiff's testimony. Accordingly, failure to call such an available witness may impair the party's credibility. But that is not the situation here. The witness cannot be regarded as a *corroborating* witness because, so far as the record shows, she would have testified adversely to the plaintiff. There is nothing in Schroeder or in any other reported precedent which requires a litigant to call an adverse witness to *corroborate* his case under penalty of an unfavorable decision if that witness is not called.

If the court desired the mother's testimony, it could have called her as its own witness; this it did not do. A trial judge has the right to call witnesses on his own initiative when he has reason to feel the witness may contribute to a determination of the truth as to the matter in controversy. There was certainly no obligation on the part of counsel for appellant to call an adverse witness, and it was improper to dismiss his client's case because he did not do so.

In view of the trial court's ruling, we are obliged to reverse.

Reversed with instructions to grant a new trial.

1. D.C.Mun.App., 133 A.2d 470, 473.