## Commonwealth v. Bready

*Sidney M. DeAngelis*, Assistant District Attorney, for Commonwealth.

*Conrad G. Moffett*, for defendant.

GERBER, J., February 17, 1959.—Defendant, Arthur D. M. Bready, Jr., was tried before a judge sitting without a jury on a charge of fornication and bastardy. He was found guilty as charged. A motion for a new trial was filed averring that the decision was against the weight of the evidence, the decision was against the law and that the trial judge erred in directing the district attorney's office to subpoena additional witnesses. After oral argument before the court en banc, defendant's motion was denied.

The court finds that the decision was supported by the evidence. The testimony of prosecutrix and defendant was conflicting. On the basis of the demeanor and credibility of these witnesses and on the corroborative testimony given in support of prosecutrix's claim, the trial judge believed prosecutrix and disbelieved defendant. The testimony showed, beyond a reasonable doubt, the guilt of defendant.

Prosecutrix testified that she met defendant in the fall of 1956 and saw him regularly thereafter until May of 1957, that they engaged in sexual relations about 10 times during that period, that a baby was born within the usual gestation period after their last act of intercourse in May of 1957 and that defendant was the father of the child. Prosecutrix further testified that she did not have sexual relations with anyone else during this period. Although defendant denied being with prosecutrix after October 1956 or ever engaging in sexual relations with her, the other witnesses for the prosecution testified to seeing prosecutrix and defendant together during the winter and spring of

1957. The trial judge disbelieved defendant since his testimony was contradicted, not only by prosecutrix, but by witnesses without any interest in the matter. The evidence presented by the Commonwealth proved the guilt of defendant beyond a reasonable doubt.

The decision was in accord with the law. The facts, as determined by the trial judge, were that defendant engaged in sexual relations with prosecutrix and that defendant is the father of the baby girl born to prosecutrix. These facts warrant a conviction for the crime of fornication and bastardy as set out in The Penal Code of June 24, 1939, P. L. 872, sec. 506, as amended, 18 PS §4506.

The main ground averred by defendant as a basis for a new trial was the alleged error by the trial judge in directing the district attorney's office to bring in certain witnesses. Defendant avers that the trial judge is without the power to so direct the calling of witnesses.

The writer of this opinion finds that defendant's contention is without merit. Although there are no reported Pennsylvania cases on this exact point, within the general area of calling and questioning of witnesses, it has been held that "The calling of witnesses is within the discretion of the district attorney under the general supervision of the trial judge": Commonwealth v. Palermo, 368 Pa. 28, 32 (1951). The writer of this opinion infers from this that when the district attorney's office has failed to call material witnesses, the trial judge, in his discretion and to prevent a miscarriage of justice, can direct the district attorney's office to subpoena those persons.

The discretion of a trial judge, especially in criminal cases, to call witnesses on his own initiative is an inherent part of the judicial function. The power of a court to decide includes the inherent power to investigate and to summon witnesses to accomplish this

end: 9 Wigmore on Evidence, p. 267, §2484 (3rd ed.). As early as 1794, it was reported that "it is the duty of the Judge to receive every offer of evidence, apparently material, suggested to him, though the parties themselves through negligence, ignorance, or corrupt collusion, should not bring it forward. A judge is not placed in that high situation merely as a passive instrument of parties. He has a duty of his own, independent of them, and that duty is to investigate the truth": Burke, Report of the Committee on Warren Hastings' Trial, 31 Parl. Hist. 348 (1794), quoted in 9 Wigmore on Evidence, p. 267, §2484.

Wigmore, after citing many cases as authority for the proposition that a trial judge may call witnesses not called by the parties, stated "that the trial judge has no power to cause the evidence produced by the parties to be supplemented, never will be conceded, so long as the Bench retains a true conception of its constitutional function and a due sense of self respect": 9 Wigmore on Evidence, p. 270, §2484 (3rd ed.).

In addition to those cases cited by Wigmore, supra, the following courts have also held that a trial judge, as a proper exercise of his discretion, can call additional witnesses when deemed necessary to elicit relevant and material facts and when these witnesses may contribute to a determination of the truth: Stoots v. Commonwealth, 192 Va. 857, 66 S.E. 2d 866 (1951); State of West Virginia v. Loveless, 98 S.E. 2d 773 (W. Va., 1957); Kissic v. State of Alabama, 266 Ala. 71, 94 So. 2d 202 (1957); People v. Crump, 5 Ill. 2d 251, 125 N. E. 2d 615 (1955); Ramsey v. Mading, 36 Wash. 2d 303, 217 P. 2d 1041 (1950); Dinsel v. The Pennsylvania Railroad Company, 144 F. Supp. 880 (W. D. Pa. 1956); Fortune v. Fortune, 138 A. 2d 390 (D. C. Mun. App. 1958). See also 58 Am. Jur. 25, Witnesses, §4, and 2 Wharton's Criminal Evidence, p. 717, §704 (12th ed.).

The case at bar was a proper one for the exercise of the trial judge's discretionary power to summon additional witnesses. The only witness on behalf of the Commonwealth was prosecutrix, who testified as to her sexual relations with defendant and as to her dates with defendant both before and after October 1956. As part of this testimony, she named several persons who had seen proscutrix and defendant together on these occasions. The district attorney did not produce these persons. After defendant denied seeing prosecutrix after October 1956 or ever having relations with her, the credibility of prosecutrix and defendant would be determinative of the outcome of the case. Based on the relevant and material information the persons named by prosecutrix could give in aiding the trial judge in reaching a truthful and just determination, the trial judge directed the district attorney's office to subpoena those persons.

It should be noted at this point that when the trial judge issued this direction, defense counsel stated "all right, sir" and did not interpose any objection at all. Nor, indeed, did defense counsel object at any other point in the trial.

The witnesses brought in at the direction of the writer of this opinion impressed him with their credibility and demeanor and fully, but in a conservative manner, corroborated the testimony of prosecutrix that defendant had been with prosecutrix on occasions subsequent to October 1956 and continuing through the spring of 1957, all in contradiction of defendant's testimony. The defense counsel fully cross-examined these witnesses and did not lessen the impact of their testimony.

The writer of this opinion is extremely careful not to interfere with counsel's trial of a case and almost invariably follows the rule of permitting all counsel, including assistant district attorneys, to try their own

cases. However, in this case there was a direct conflict of testimony which apparently could be resolved with testimony from named witnesses who, although not called, were readily available. The trial of a case being essentially a search for the truth, the court, sitting without a jury, wanted help to aid it in determining the truth. Therefore, the trial judge felt it incumbent upon him to direct the district attorney's office to bring before the court, as witnesses, those persons whose names cropped up in the course of testimony and whom the court felt could shed light on those areas where the district attorney's office had permitted complete darkness to prevail.

And now, to wit, February 17, 1959, in view of the foregoing, defendant's motion for a new trial is denied.