Commonwealth *v.* Bready, Appellant.

Argued March 20, 1959. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*Conrad G. Moffet,* for appellant.

*Sidney M. DeAngelis,* Assistant District Attorney, with him *Bernard E. DiJoseph,* District Attorney, for appellee.

OPINION BY ERVIN, J., April 16, 1959:

This appeal involves the simple question of whether a judge in a criminal trial without a jury may direct the district attorney to summon and call certain witnesses in order that the truth may be elicited.

The defendant was tried on a charge of fornication and bastardy. The prosecutrix testified that she met the defendant in the fall of 1956 and saw him regularly thereafter until May of 1957; that they engaged in sexual relations about ten times during that period; that a baby was born within the usual gestation period after their last act of intercourse in May of 1957 and that the defendant was the father of the child. The prosecutrix further testified that she did not have sexual relations with anyone else during this period. Although the defendant denied being with the prosecutrix after October 1956 or ever engaging in sexual relations with her, other witnesses for the prosecution testified to seeing the prosecutrix and defendant together during the winter and spring of 1957. The trial judge disbelieved the defendant since his testimony was contradicted, not only by the prosecutrix but by witnesses without any interest in the matter.

The appellant argues that the trial judge was without power to direct the district attorney to call the disinterested witnesses in order that the court might determine whether the prosecutrix or the defendant was telling the truth about the meetings after October 1956 and in the spring of 1957. The calling of witnesses in a criminal trial is within the discretion of

the district attorney under the supervision of the trial judge: *Com. v. Palermo,* 368 Pa. 28, 32, 33, 81 A. 2d 540. The discretion of a trial judge, especially in criminal cases, to call witnesses on his own initiative is an inherent part of the judicial function. The power of a court to decide includes the inherent power to investigate and to summon witnesses to accomplish this end. In 9 Wigmore on Evidence, 3d ed., §2484, it is stated: "That the trial judge has no power to cause the evidence produced by the parties to be supplemented, never will be conceded, so long as the Bench retains a true conception of its constitutional function and a due sense of self-respect."

While no Pennsylvania case directly in point has been presented to us the following courts have held that a trial judge as a proper exercise of his discretion may call additional witnesses when deemed necessary to elicit relevant and material facts and when those witnesses may contribute to a determination of the truth: *Stoots v. Commonwealth,* 192 Va. 857, 66 S.E. 2d 866; *State v. Loveless,* 98 S.E. 2d 773; *Kissic v. State,* 94 So. 2d 202; *People v. Crump,* 5 Ill. 2d 251, 125 N.E. 2d 615; *Ramsey v. Mading,* 217 P. 2d 1041; *Dinsel v. Pa. R. R. Co.,* 144 F. Supp. 880; *Fortune v. Fortune,* 138 A. 2d 390. See also 58 Am. Jur., Witnesses, §4, and 2 Wharton's Criminal Evidence, 12th ed., §704.

The case at bar was a proper one for the exercise of the trial judge's discretionary power to summon additional witnesses. The only witness on behalf of the Commonwealth was the prosecutrix, who testified as to her sexual relations with the defendant and as to her dates with the defendant both before and after October 1956. As part of this testimony she named several persons who had seen the prosecutrix and defendant together on these occasions. The district attorney did not produce these persons. After the defendant

denied seeing the prosecutrix after October 1956 or ever having relations with her, the credibility of the prosecutrix and defendant would be determinative of the outcome of the case. The trial judge, therefore, directed the district attorney's office to subpoena those persons. The witnesses thus brought in corroborated the testimony of the prosecutrix that she had been with the defendant on certain occasions subsequent to October 1956 and continuing through the spring of 1957. Counsel for the defendant fully cross-examined these witnesses but did not lessen the impact of their testimony.

We are of the opinion that the court below had the power to direct the district attorney to summon these witnesses.

It appears that this appeal is premature, no sentence having been imposed: *Com. v. Wright*, 383 Pa. 532, 534, 119 A. 2d. 492. We will, therefore, remand the record so that a sentence may be imposed not inconsistent with this opinion.