## Commonwealth v. Williams

*Edward A. Hanna, Jr.,* for Commonwealth.
*Stephen R. Sigmore, Jr.,* for defendant.

TREDINNICK, *J.,* January 11, 1977—On August 4, 1976, defendant, Bernard Williams, was found guilty by a jury of burglary, theft, involuntary deviate sexual intercourse, indecent assault, terroristic threats, two counts of simple assault, two counts of aggravated assault, and possession of an instrument of crime with intent to employ it criminally. Defendant filed motions for a new trial and in arrest of judgment which, after argument, were essentially dismissed and defendant sentenced.[1] His appeal necessitates this opinion.

Viewing the evidence in a light most favorable to the verdict winner, the facts are as follows: On October 25, 1975, defendant entered the apartment of Gertrude Hanna Stringer for the purpose of committing the crime of theft.[2] Finding Miss Stringer in bed, he placed his hand over her mouth, awakened her, and told her to be quiet. He was holding a knife at this time. Defendant then stripped Miss Stringer of her night clothing, fondled her breasts and pubic area, and placed his mouth in the vicinity of her clitoris, penetrating her vagina with his tongue. After a brief conversation, he told her to get under the sheet and stay there until he left, and not to call the police because he has an M-41 or M-14 (the victim was not

---

1. Judgment was arrested as to the theft, indecent assault and simple assault convictions because of merger.

2. The jury was given a written verdict sheet. Included thereon was a request that if it found defendant guilty of burglary it was to state what crime or crimes defendant intended to commit upon entry. The special finding returned was "Theft." (Had it been involuntary deviate sexual intercourse, then the theft which occurred would not have merged.)

sure of exactly what he said), and would kill her. He then exited the apartment by way of the balcony, and the victim called the police. The time was shortly before 7:00 a.m.

On January 30, 1976, the defendant was arrested in connection with a rape charge in Chester County, and he has been incarcerated in Chester County Prison since that date. On February 11, 1976, he was charged with the offenses which were the subject of this case. A preliminary hearing was held on February 19, 1976, at which the District Justice found a prima facie case on all charges, and defendant was remanded. At the preliminary hearing defendant was seated at the defense table, dressed in ordinary clothes, not prison garb. Miss Stringer was able to identify him at that time, having previously identified his photograph from a group of seven, as that of her attacker.

Defendant's motions for a new trial and in arrest of judgment allege that the verdicts were against the evidence, the weight thereof and the law, and that the court erred . . . (5) in suggesting to the prosecutor immediately prior to the close of defendant's case that he should offer rebuttal testimony regarding the distance between defendant's place of employment and the victim's apartment. . . .

Finally, defendant asserts that the court erred in suggesting to the assistant district attorney immediately prior to the close of defendant's case, that the prosecution should offer rebuttal testimony regarding the distance between the victim's apartment and defendant's place of employment. The conversation referred to took place at side bar off the record. In order to gauge the time needed to complete testimony, the court asked the district attorney if he planned to present any rebut-

tal testimony. The answer was "no." The court then almost instinctively expressed surprise that evidence as to the distance between the victim's apartment and defendant's place of work was not to be presented.] Our attention has not been called to any Pennsylvania cases directly on point. We note, however, that a judge in his judicial function has the discretion to call witnesses on his own initiative. In fact, under certain circumstances, it is imperative that he do so: Commonwealth v. DiPasquale, 424 Pa. 500, 230 A.2d 449 (1967); Commonwealth v. Bready, 189 Pa. Superior Ct. 427, 150 A.2d 156 (1959); Silver Appeal, 63 D & C 2d 408 (1973). If that be so, then we conceive it to be permissible for him to suggest the prosecution call a witness.

Defendant's exceptions are without merit, and judgment of sentence should be affirmed.

---

3. A crucial point, as the evidence was clear that defendant had reported to his place of work at a specific time on the morning in question and whether he could have done so had he been at the victim's apartment was a question of fact the jury would essentially have to decide.