416 A.2d 536

COMMONWEALTH of Pennsylvania

v.

Wayne F. BRAZZLE, Appellant.

Superior Court of Pennsylvania.

Argued June 18, 1979.

Filed Dec. 7, 1979.

---

2. See *Commonwealth v. Chruscial*, 447 Pa. 17, 288 A.2d 521 (1972).

L. Jackson Thomas, II, West Chester, for appellant.

Janet L. Crawford, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.*

HOFFMAN, Judge:

Appellant contends that (1) he did not knowingly and voluntarily waive his right to appeal by withdrawing his post-verdict motions; (2) the sentence imposed on his conviction for theft is illegal because the theft conviction merged with his robbery conviction; and (3) the sentences imposed were excessive. We agree only with appellant's second allegation and, accordingly, vacate his sentence on the theft charge.

The charges against appellant arose from his participation in a bank robbery. Appellant was convicted by a jury of two counts of robbery, theft by unlawful taking, aggravated assault, two counts of simple assault, recklessly endangering another person, violation of the Pennsylvania Uniform Firearms Act, and criminal conspiracy. After the jury rendered its verdict the trial judge advised appellant of his right to file post-verdict motions, the time limit thereon, and the

---

* President Judge FRANCIS J. CATANIA of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

consequences of failure to file such motions.[1] On May 9, 1977, appellant's appointed counsel filed timely motions for a new trial and in arrest of judgment. On September 19, 1977, however, the court granted appellant's petition for leave to withdraw his post-verdict motions. At that time the court conducted an on-the-record colloquy in which appellant was advised of the consequences of withdrawing his motions and stated that he had not been coerced into so doing. The trial judge then imposed sentences of imprisonment of 5 to 15 years on the first robbery count; 3½ to 7 years on the theft count; 2½ to 5 years on each of the counts charging aggravated assault, violation of the Uniform Firearms Act, and conspiracy; and 1 to 2 years on the recklessly endangering count.[2] All of the sentences were to be served concurrently. The trial judge, in making the sentencing decision, considered on-the-record the pre-sentence report on appellant, the nature of the crime and appellant's participation therein, and the guidelines of the sentencing code regarding total confinement. From the judgment of sentence, appellant took this appeal.

■ Appellant's first contention is that he did not knowingly and voluntarily waive his right to appeal by withdrawing his post-trial motions. "Our courts have repeatedly held that a defendant's failure to raise specific issues in post-verdict motions constitutes a forfeiture of his right to have these issues considered on direct appeal." *Commonwealth v. Rinier*, 255 Pa.Super. 166, 171–172, 386 A.2d 560, 563 (1978) (footnote and citations omitted). "The waiver of the right to appeal may be made by withdrawing of post-verdict motions." *Commonwealth v. Taylor*, 483 Pa. 60, 62, 394 A.2d 538, 539 (1978) (citation omitted). "However, for such a waiver to be effective, the record must affirmatively demonstrate that the appellant was aware of his right to file post-verdict motions and that he knowingly and intelligently

---

1. Appellant concedes the sufficiency of the post-trial motion colloquy. Appellant's Brief at 15–16.

2. Sentence was suspended on the two counts of simple assault and sentence on the second robbery count was deferred.

decided not to do so." *Commonwealth v. Schroth,* 458 Pa. 233, 328 A.2d 168 (1974) (citations omitted).

The trial judge in the case at bar twice advised appellant of his right to file counseled post-verdict motions and of the consequences of failure to do so. Appellant concedes the adequacy of these instructions, but contends that the record does not demonstrate that he made his decision to waive intelligently and free from threats.[3] During the colloquy conducted on appellant's withdrawal of his post-trial motions, appellant stated, in answer to the judge's question, that no threats or promises led to his decision and that he understood that he was giving up the right to challenge the verdict. Accordingly, we conclude that the record demonstrates a knowing and voluntary withdrawal of post-verdict motions by appellant.

■ Appellant next contends that the judgment of sentence imposed on the theft charge was illegal because the theft charge merged with the robbery charge. A person is guilty of robbery under the Pennsylvania Crimes Code if, "in the course of . . . a theft," he commits one of three defined acts. 18 Pa.C.S.A. § 3701. "The general rule is when one crime is a necessary ingredient of another the offenses merge for the purposes of sentencing and, thus, only one punishment may be imposed." *Commonwealth v. Turner,* 248 Pa.Super. 306, 309, 375 A.2d 110, 112 (1977) (citing *Commonwealth v. Nelson,* 452 Pa. 275, 305 A.2d 369 (1973); *Commonwealth v. McCabe,* 242 Pa.Super. 413, 364 A.2d 338 (1976)). Moreover, "the illegality of a sentence is not a waivable issue." *Commonwealth v. Guenzer,* 255 Pa.Super. 587, 389 A.2d 133, (1978) (citing *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976)). Where, however,

---

**3.** Appellant contends that a transcribed side-bar conference between appellant's counsel and the judge indicates that threats from members of the Muslim population at the state prison may have influenced appellant's decision to withdraw his motions. The side-bar argument by counsel dealt with whether appellant would be incarcerated in a state prison or in a county prison and was conducted during sentencing after discussion of withdrawal of post-trial motions had concluded. Therefore, this argument is not relevant to the issue of appellant's withdrawal of post-trial motions.

the legality of the *conviction* is not challenged in the court below and, hence, not preserved for review, this Court will not require resentencing, but will vacate only the sentence on the merged offense. *Commonwealth v. Guenzer, supra.*

As the Commonwealth concedes, theft is a necessary ingredient of robbery. Moreover, appellant's failure to raise the merger issue below does not preclude our review of the legality of the sentence on the theft charge. We will not, however, remand for resentencing because appellant did not raise the issue of the legality of his *conviction* in the court below. We therefore vacate the sentence of 3½ to 7 years on the charge of theft.

Appellant's final contention is that the sentence imposed by the trial judge was excessive.[4] "Imposition of a proper sentence under the Sentencing Code, 18 Pa.C.S.A. § 1301 et seq. (1973), is a matter vested in the sound discretion of the trial court, whose determination must be respected unless it is a manifest abuse of discretion." *Commonwealth v. Knight*, 479 Pa. 209, 212, 387 A.2d 1297, 1299 (1978). This discretion must, however, be exercised within the procedural limits set forth by our case law. *Commonwealth v. Wareham*, 259 Pa.Super. 527, 393 A.2d 951 (1978). The court must have before it sufficient and accurate information; it must consider the individual characteristics of the defendant and the offense; and the court must, on the record, state the reasons for its decision and advise the defendant of his right to appeal. *Id.* Where these procedures are followed, we will not vacate judgment of sentence unless the lower court abused its discretion by imposing a sentence which exceeds the statutory limits or is manifestly excessive. *See Commonwealth v. Wrona*, 442 Pa. 201, 275 A.2d 78 (1971).

In the case at bar the lower court complied with the procedural requirements imposed by our case law. The

---

4. Appellant properly preserved the issue of excessiveness of his sentence for our review by filing a petition for reconsideration with the lower court after sentencing and before taking this appeal. *See Commonwealth v. Brunner*, 243 Pa.Super. 55, 364 A.2d 446 (1976).

court ordered and considered a pre-sentence report and allowed both the appellant and his attorney to present argument at the sentencing hearing. The court in making the sentencing decision considered on the record the trial testimony, the presentence report, and the sentencing guidelines. The trial judge stated that he imposed a sentence of total confinement because of the nature of the crime and the fact that appellant was the ringleader of the conspiracy. The court did not manifestly abuse its discretion in imposing sentences which were within the statutory maximum and we therefore will not disturb its decision.

Judgment of sentence on the theft count vacated and other judgments of sentence affirmed.