460 A.2d 360

COMMONWEALTH of Pennsylvania

v.

Warren HENDERSON, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 16, 1983.

Filed May 13, 1983.

Edward V. Schulgen, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and JOHNSON and MONTEMURO, JJ.

PER CURIAM:

Appellant was found guilty of robbery,[1] possessing an instrument of crime [2] and theft by unlawful taking [3] following a non-jury trial. Post-verdict motions were timely filed, heard and denied, after which appellant received consecutive sentences of two and one-half to five years incarceration for possessing an instrument of crime, two to four years followed by ten years probation for robbery, and six months to one year for theft.

Appellant advances two distinct issues on this consolidated appeal. First, he argues that the trial judge abused his discretion when, after the conclusion of all testimony, he expressed his desire to have the case thoroughly tried and asked that the police officer, who entered the apartment where the robbery/theft occurred, testify.[4] We find this contention to be without merit. *Commonwealth v. Burns,* 409 Pa. 619, 187 A.2d 552 (1963); *Commonwealth v. Bready,* 189 Pa.Super. 427, 150 A.2d 156 (1959).

Second, appellant contests his having been sentenced on separate counts of robbery and theft where both offenses arose out of the same incident and, therefore, merged.[5] The trial court acknowledged the correctness of this contention in its opinion filed December 28, 1981, but correctly understood it was without authority to modify the sentence while the case remained on appeal. The Commonwealth, in its brief to this court, agrees that the theft conviction merged with the robbery conviction for purposes of sentencing.

1.  18 Pa.C.S.A. § 3701.

2.  *Id.* § 907.

3.  *Id.* § 3921.

4.  Appeal at 936 Philadelphia 1981.

5.  Appeal at 1936 Philadelphia 1981.

Our review of the opinion filed by the trial judge pursuant to Pa.R.Crim.P. 1925(a) together with the sentencing transcript of March 31, 1981 persuades us that the imposition of the one sentence could not have influenced the other. A remand would serve no useful purpose. *See Commonwealth v. Brazzle*, 272 Pa.Super. 438, 416 A.2d 536 (1979).

Judgment of sentence on the theft count vacated and other judgments of sentence affirmed.