*13 DEL SOLE, Judge,
concurring:
I join the result reached by the Majority. However, I am troubled by the procedure employed by the trial court in selecting a third expert to testify regarding the cause of death. Following the completion of this non-jury trial, the judge stated he was unable to conclude that the defendant’s action caused the victim’s death. He then retained the services of a third expert whose opinion the judge accepted to resolve the issue. That was error.
The court lost sight of the fact that the Commonwealth has the burden of proof. It is not, nor should it be, the function of the judiciary to assist the prosecution by selecting witnesses to resolve disputed issues. At the conclusion of the presentation of all the evidence, if the trial judge as fact finder could not determine guilt beyond a reasonable doubt, a not guilty verdict should have been entered. Also, by selecting a third expert and relying exclusively on the opinion of that expert, the court abrogated its fact finding function. This function includes considering the testimony of the parties’ experts and accepting or rejecting that testimony. Here the third expert was, in effect, a jury of one.
I agree with the Majority’s statement in footnote 2 of the opinion which discusses the general rule that a trial judge may call witness. However, my review of the Pennsylvania cases suggest that it is only appropriate for trial judges to call fact witnesses, not experts.
In Commonwealth v. DiPasquale, 424 Pa. 500, 230 A.2d 449 (1967), cited by the Majority, the trial judge, at the request of the district attorney, called a witness to the stand. This witness had previously testified for the Commonwealth at the preliminary hearing, but subsequently advised the DA that her statements were false. As a result, she was not called by the prosecution. The Supreme Court reversed the trial court for calling the witness under these circumstances since, by doing so, it allowed the Commonwealth to introduce evidence it was otherwise unable to introduce at that time.
*14 In two additional cases, Commonwealth v. Burns, 409 Pa. 619, 187 A.2d 552 (1963) and Commonwealth v. Bready, 189 Pa.Super. 427, 150 A.2d 156 (1959) there was found to be no error when a trial judge called additional witnesses. However, in both cases, the witnesses called by the court were fact witnesses, not experts used to resolve a conflict between the opinions of other experts.
Unfortunately, this issue has not been presented to this court. Therefore it is appropriate to affirm the conviction since defense counsel consented to the procedure employed. Had the question been presented in the form of an ineffectiveness argument, I would vacate the judgment of sentence.