J-S17028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RASHEEN CUPITT | : | |
| | : | |
| Appellant | : | No. 2012 EDA 2018 |

Appeal from the PCRA Order Entered June 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011768-2007

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 24, 2019**

Appellant, Rasheen Cupitt, appeals from the order entered on June 15, 2018 which denied his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

The PCRA summarized the facts and procedural history in this case as follows:

> On July 19, 2006, at 1:00 a.m., Richard Wagner and two friends, Daryl Walton and Katie Maher, were sitting in Mr. Wagner's parked truck on the 100 block of Comly Street, Philadelphia, when [Appellant] and two accomplices crept up behind them. [Appellant] and his accomplices removed guns from a duffle bag, and [Appellant] pointed a rifle at Mr. Walton in the front passenger seat.  [Appellant] ordered Mr. Walton and Mr. Wagner to strip naked and hand over their belongings.  [Appellant] and his accomplices took clothes, jewelry, cash, wallets, cell phones, a pocketbook, and prescription medication from the three victims. [Appellant] and his accomplices then forced themselves into the truck and ordered Mr. Wagner to drive them all to a destination located just a short distance away.  When they arrived, [Appellant] and one of his accomplices took off with the victims'

belongings while the remaining accomplice remained with the victims and continued to aim his handgun at them. When Mr. Walton begged for the return of a photograph of his mother that was in the wallet [the perpetrators] stole, [Appellant's] accomplice replied, "F**k you. I shoulda offed both your b***h asses and leave them right here." The accomplice then took the keys to the victim's truck and left.

Ms. Maher, the only clothed victim, went to the nearby home of Mr. Wagner's uncle and asked him to call the police. Officer Shawn King arrived at the scene, interviewed the victims and issued a flash information describing their assailants.

Officer David Dawson and his partner responded. Standing in front of [a location along] Malta Street, half a block from where the victims had been stranded, the officers saw three males matching the robbers' description. [Appellant], dressed all in black, was one of them. By the time the officers got out of their patrol car and approached the house, [Appellant] and the other two individuals had gone inside. Officer Dawson recovered Richard Wagner's cell phone and state identification card from the top step, where [Appellant] stood moments earlier.

Diana Kellam answered the officers' knock on the door. She gave them permission to search the house and led them to the basement steps. [Appellant] and Mrs. Kellam's son, co-defendant William Kellam, cowered in the basement below. The officers announced themselves and asked [Appellant] and Kellam to come upstairs. When they complied, Officer Dawson noticed the [Appellant] had changed from the all-black clothing he had worn moments earlier to a white T-shirt and pajama bottoms. Officer King brought the victims to the house, where they positively identified [Appellant] and Kellam as two of the men who had robbed them. When he was arrested, [Appellant] refused to give his name.

The police then searched the basement. Officer Dawson found [Appellant's] discarded black T-shirt and pants. Mr. Wagner's BIC lighter, which had been stolen during the robbery, was in one of the pants pockets. Officer Mike Frisco, who had since arrived to assist the other officers, found two firearms secreted in the ceiling rafters. One was a silver .32 caliber handgun loaded with seven live rounds. The other was a .22 caliber rifle with a sawed-off barrel and stock and loaded with six live rounds. The victims positively identified the firearms as those used in robbery.

Following a bench trial, th[e trial c]ourt found [Appellant] guilty of three counts of robbery, one count of person not to possess, use, manufacture, control, sell or transfer firearms, one count of firearms not to be carried without a license, three counts of theft by unlawful taking or disposition, one count of carrying firearms on public streets or public property in Philadelphia, one count of possessing instruments of crime, and three counts of recklessly endangering another person. On March 19, 2009, th[e trial c]ourt sentenced [Appellant] to an aggregate term of twenty to forty years' state incarceration and fifteen years' probation.[1] Specifically, [Appellant] was sentenced to consecutive terms of five to ten years' incarceration for each count of robbery and for [persons not to possess firearms]; a concurrent term of three and one-half to seven years' imprisonment [for firearms not to be carried without a license]; a concurrent term of two and one-half to five years' imprisonment [for possession of a firearm on the public streets of Philadelphia]; and consecutive terms of five years' probation for each of the three theft charges. No further penalty was imposed on the remaining counts. [Appellant] filed a *pro se* motion for reconsideration of his sentence, which was subsequently denied.

[This] Court affirmed [Appellant's] judgment[] of sentence on December 30, 2009 and [Appellant] did not seek *allocator*.

On January 3, 2011, [Appellant] timely filed a *pro se* petition under the [PCRA]. After several continuances and changes in court appointed PCRA counsel, th[e PCRA c]ourt appointed Attorney Jennifer Tobin as PCRA counsel for [Appellant] on August 8, 2016. Attorney Tobin filed a counseled amended PCRA petition on June 9, 2017 and a supplemental amended petition on June 16, 2017 raising two claims: (1) appellate counsel was ineffective for failing to perfect a challenge to the discretionary aspects of [Appellant's] sentence and (2) the [s]entencing [o]rder did not reflect what th[e trial court] stated on the record at [Appellant's] March 19, 2009 sentencing hearing. The Commonwealth filed a motion to dismiss [Appellant's amended petition] on October 30, 2017, and [Appellant] responded on December 8, 2017.

On February 16, 2018, th[e PCRA c]ourt issued an amended sentencing order that addressed the clerical errors in [Appellant's] sentencing [o]rder that had been identified in [Appellant's amended PCRA petition. Thereafter], on February 20, 2018, [the PCRA court] sent notice of [its] intent to dismiss the remainder of [Appellant's amended petition] without a hearing. [Appellant]

filed a response on April 11, 2018, and on June 5, 2018, the Commonwealth filed a brief statement in support of its [dismissal motion]. Although th[e PCRA court afforded relief on Appellant's second claim, the court determined on June 15, 2018 that Appellant's first claim lacked merit and failed to raise any issues of material fact and, therefore, was subject to dismissal without a hearing].[2] On July 11, 2018, [Appellant] appealed th[e PCRA c]ourt's June 15, 2018 [o]rder dismissing [Appellant's a]mended [p]etition. [The parties and the PCRA court have satisfied the requirements of Pa.R.A.P. 1925.]

_____

[1] This case constituted [Appellant's] seventeenth arrest as an adult, seventh conviction, seventh commitment, and sixth violation of probation.

[2] A written Order was subsequently filed on June 18, 2018.

PCRA Court Opinion, 9/10/18, at 1-4 (certain citations omitted).

Appellant raises a single claim for our review:

Did appellate counsel provide constitutionally ineffective assistance when he failed to preserve [Appellant's] excessive sentence challenge for appellate review by failing to include it in [a] Rule 1925(b) [concise s]tatement, thereby waiving this issue?

Appellant's Brief at 3.

Appellant's sole claim is that the PCRA court erred in denying him an evidentiary hearing and in refusing reinstatement of his appellate rights. Specifically, Appellant asserts that direct appeal counsel was ineffective in waiving review of a discretionary sentencing challenge where counsel failed to include the claim in a Rule 1925(b) concise statement. Appellant maintains that he possesses a meritorious challenge to the discretionary aspects of his sentence because the consecutive terms of his punishment were manifestly excessive in view of the fact that only one criminal episode occurred and

Appellant directed his conduct toward only a single victim. The PCRA court determined that Appellant failed to raise a substantial question, or a claim likely to succeed on the merits, since his consecutive, standard range sentences did not result in a manifestly excessive punishment that was disproportionate to Appellant's role in the offense. Additionally, because Appellant raised no material fact, and his claims were wholly devoid of merit, the court concluded that he was not entitled to an evidentiary hearing.

We carefully reviewed the certified record, the submissions of the parties, and the opinion of the PCRA. Based upon our review, we are satisfied that the PCRA court correctly denied relief. Moreover, since the PCRA court adequately and accurately addressed the claim raised by Appellant, we adopt its opinion as our own. Accordingly, the parties are directed to attach the PCRA court's opinion to all future filings pertaining to the disposition of this appeal.

Order affirmed.[1]

---

[1] Our review of the record reveals that the trial court imposed three, consecutive five-year probationary sentences for Appellant's theft convictions and directed that Appellant's 15-year probationary term should commence after his imprisonment for robbery and firearms offenses. Appellant, therefore, received separate punishments for his theft and robbery convictions. Whether Appellant's theft and robbery convictions merge for sentencing purposes is a question implicating the legality of his punishment. *See Commonwealth v. Jenkins*, 96 A.3d 1055 (Pa. Super. 2014), *appeal denied*, 104 A.3d 3 (Pa. 2014).

Section 9765 of the Pennsylvania Sentencing Code provides as follows regarding the merger of crimes for sentencing purposes:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher [-]graded offense.

42 Pa.C.S.A. § 9765. Accordingly, merger is appropriate only when two criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other. **Id.**

Although we have not located a definitive, published decision that addresses the propriety of merging theft and robbery convictions since the adoption of 42 Pa.C.S.A. § 9765 and the issuance of **Commonwealth v. Baldwin**, 985 A.2d 830 (Pa. 2009), we note that appellate courts in Pennsylvania generally have held, in past cases, that robbery and theft convictions merge for sentencing purposes and that separate sentences are not permitted. **See Commonwealth v. Humpheys**, 532 A.2d 836, 844 (Pa. Super. 1987) ("conviction for theft by receiving stolen property was subsumed into the robbery [conviction] for sentencing purposes"); **see also Commonwealth v. Yancey**, 447 A.2d 1041, 1043 (Pa. Super. 1982) (same); **Commonwealth v. Brazzle**, 416 A.2d 536, 539 (Pa. Super. 1979) ("theft is a necessary ingredient of robbery").

A strict application of § 9765 could, however, lead to a different result. Theft requires a completed taking of property (**see** 18 Pa.C.S.A. § 3921(a)) and, therefore, contains an element not contained in robbery. Moreover, robbery contains an element not necessary for theft since robbery requires some use of force or threat thereof. **See** 18 P.C.S.A. § 3701(a). Since theft and robbery arguably contain elements which the other offense does not, a rigid application of § 9765 plausibly suggests that robbery and theft would not merge. **See** 42 Pa.C.S.A. § 9765 (merger inappropriate unless "the crimes arise from a single criminal act and **all** of the statutory elements of one offense are included in the statutory elements of the other offense").

We may not resolve the merger issue presented in this case, however. Merger is an issue that implicates the legality of a sentence and one which we may raise *sua sponte*. **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa. Super.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/19

_____

2014). Nevertheless, our case law is equally clear that the failure to raise a legality of sentencing claim in a PCRA petition, or otherwise before the PCRA court, precludes consideration of such a claim for the first time on appeal. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (legality of sentencing claim involving merger doctrine could not be addressed for first time on appeal where claim was not presented in PCRA petition or otherwise litigated before PCRA court), *appeal* denied, 30 A.3d 487 (Pa. 2011). Because Appellant did not challenge the legality of his sentence in his amended petition or otherwise before the PCRA court, we cannot address the merger issue for the first time on appeal.