J-S29025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRANDON GARLAND :
:
Appellant : No. 2992 EDA 2017

Appeal from the Judgment of Sentence August 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002646-2016,
CP-51-CR-0004724-2015, CP-51-CR-0004943-2015

BEFORE: PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED JUNE 28, 2018**

Brandon Garland (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of firearms offenses at CP-51-CR-0002646-2016 (2016 case), as well as the judgment of sentence entered following the revocation of his probation at CP-51-CR-0004724-2015 and CP-51-CR-0004943-2015 (collectively, 2015 case). We affirm.

In the 2015 case, Appellant entered negotiated guilty pleas on October 27, 2015, to two counts of possession with intent to deliver a controlled substance (PWID) and one count of conspiracy to commit PWID. On the same day, he was sentenced to three years' probation on each count, all to run

_____

* Former Justice specially assigned to the Superior Court.

concurrently.

Then, eighteen days after the trial court sentenced him on the 2015 case:

> On November 14, 2015, at about 11:00 a.m., Appellant went to the area of D and Indiana Streets in Philadelphia and fired numerous shots at a group of men standing there. Bullets hit Luis Rivera and Kevin Murphy, injuring them. Police investigation revealed that Appellant was hired to shoot up the block by a drug gang, the members of which were rivals of drug dealers at the above location in retaliation for a shooting that occurred a couple of days [earlier].

Trial Court Opinion, 11/30/17, at 2. Appellant fled in a car and was arrested approximately one hour later. *Id.* at 3. Testing of his clothing revealed the presence of gunshot residue. Appellant was charged, in the 2016 case, with two counts each of attempted murder and aggravated assault, and one count each of possession of an instrument of crime (PIC) and various offenses under the Violations of the Firearms Act.

The 2016 case proceeded to a jury trial on April 24, 2017. According to Appellant, the Commonwealth called Rivera and Murphy, the two men injured in the shooting, as well as another man, Jangdhari; all three men testified that they were involved in drug sales and were currently incarcerated.[1] Appellant's

---

[1] Neither the trial transcript nor the sentencing hearing transcript is included in the certified record. We remind Appellant "that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete [and] contains all of the materials necessary for the reviewing court to perform its duty." *See Commonwealth v. Bongiorno*, 905 A.2d 998, 1000 (Pa. Super.

Brief at 25. Rivera and Jangdhari identified Appellant as the shooter, although — according to Appellant — their trial "testimony was significantly different than their initial statements to police." *Id.* Furthermore, an "eyewitness testified that a black male fired a number of shots, [then] jumped in the passenger side of a waiting gold sedan which immediately sped off." *Id.* However, the eyewitness could not identify the shooter. *Id.* Philadelphia Police Officer Sutherland testified that while he was on patrol, he "saw a gold sedan fleeing the location of the shooting within a minute or so," but Appellant was the driver and not a passenger. *Id.* at 25-26.

The jury found Appellant guilty of only firearms not to be carried without a license and carrying firearms on public streets in Philadelphia.[2] Appellant thereafter pleaded guilty to persons not to possess firearms.[3] Notably, the jury found him not guilty of attempted murder, aggravated assault, and PIC.

On August 11, 2017, the trial court, after reviewing Appellant's pre-sentence report, conducted both sentencing in the 2016 case and a violation of probation hearing in the 2015 case.[4] In the 2016 case, it imposed a

_____

2006). Nevertheless, because we may address Appellant's claims on the basis of the trial court's opinion, we decline to find waiver.

[2] 18 Pa.C.S.A. §§ 6106(a), 6108.

[3] 18 Pa.C.S.A. § 6105(a).

[4] The probationary sentences in the 2015 case were imposed by the Honorable Susan Schulman. At Appellant's request, the hearing on the violation of that

- 3 -

sentence of 5 to 10 years' imprisonment for persons not to possess firearms. The court also imposed terms of 2½ to 5 years on each of the two other firearms offenses, to run concurrently with each other but consecutive to the 5-to-10-years term. Additionally, the court found that Appellant violated his probation in the 2015 case (by incurring the new convictions) and revoked his probation. The court then imposed terms of 7½ to 15 years' imprisonment each for his PWID and conspiracy convictions, to run consecutive to each other and to the persons not to possess firearms sentence. Appellant's aggregate sentence was thus 22½ to 45 years' imprisonment. In its opinion, the trial court cited Appellant's conduct in the shooting, including the fact that the shooting occurred a mere 18 days after Appellant was sentenced to probation. Trial Court Opinion, 11/30/17, at 4-5.

Appellant filed timely post-sentence motions in both cases, arguing that the sentences were unduly harsh and excessive. The trial court denied the motions without a hearing, and Appellant took this timely appeal.[5]

_____

probation was transferred to the Honorable Daniel D. McCaffery, who was presiding over the 2016 case.

[5] The trial court issued Pa.R.A.P. 1925(b) orders in both cases. While the captions properly identified Appellant, the text of the orders directed another person, "Nelson Rodriguez," to file Rule 1925(b) statements. Nevertheless, Appellant duly filed Rule 1925(b) statements within the time prescribed by the court. On appeal, the Commonwealth argues that Appellant has waived the discrete argument — that the trial court relied on improper factors in sentencing — for failure to include it in his Rule 1925(b) statements. Commonwealth's Brief at 4. We decline to apply the waiver rule so strictly against Appellant.

- 4 -

Appellant presents the following issues for our review:

Is the sentence imposed [in the 2016 case] unduly harsh, excessive and unreasonable under the circumstances where the sentencing court failed to take into account all relevant and necessary factors to be considered by a sentencing court, and/or based the sentence upon factors or evidence which should not be relied upon by a sentencing court, and confinement in a state correctional facility for the term imposed is not the least restrictive sentence necessary to effectuate the aims of . . . Pennsylvania's sentencing laws?

Is the sentence imposed for a violation of probation — on the charge of [PWID in the 2015 case] — unduly harsh, excessive and unreasonable under the circumstances where the sentencing court failed to take into account all relevant and necessary factors to be considered by a sentencing court, and/or based the sentence upon factors or evidence which should not be relied upon by a sentencing court, and confinement in a state correctional facility for the term imposed is not the least restrictive sentence necessary to effectuate the aims of . . . Pennsylvania's sentencing laws?

Appellant's Brief at 5.

We address Appellant's sentencing claims together. Appellant avers that the trial court erred in imposing aggravated-range sentences and running them consecutively on an improper basis — consideration of the alleged crimes of which he was acquitted. **Id.** at 16, 27. Appellant contends that where the jury "[a]pparently credit[ed] the testimony of the [eyewitness] and police officer over that of Rivera and Jangdhari," the trial court committed reversible error in finding, contrary to the jury's verdict, that Appellant in fact committed the shooting, and then based its sentence on this finding. **Id.** at 26-27. Appellant maintains that "when a defendant has been exonerated . . . with respect to a criminal act, that act cannot be used to enhance a

sentence," and that a sentencing court's consideration of evidence of crimes of which defendant was acquitted was reversible error. Appellant's Brief at 21, 27, *citing Commonwealth v. P.L.S.*, 894 A.2d 120, 130 (Pa. Super. 2006); *Commonwealth v. Smithton*, 631 A.2d 1053, 1054 (Pa. Super. 1993). Furthermore, Appellant asserts that the trial court failed to address his rehabilitative needs, and the imposition of a 45-year sentence to a 27 year-old is clearly unreasonable. Appellant further points out that he received the maximum sentence permissible for PWID. He concludes that the sentence is contrary to the fundamental norms underlying the sentencing process and is inconsistent with the Sentencing Code.

Preliminarily, we must determine whether Appellant's claims are properly before this Court. "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall[, pursuant to Pa.R.A.P. 2119(f),] set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Commonwealth v. Archer*, 722 A.2d 203, 211 (Pa. Super. 1998) (*en banc*). "Any discretionary claims must [also] present a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id.* at 209.

Here, Appellant has included a Pa.R.A.P. 2119(f) statement in his brief, and his discrete arguments raise substantial questions. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013) (claims that a sentencing

court relied on impermissible sentencing factors, and that the consecutive nature of sentences raises the aggregate sentence to an excessive level in light of the criminal conduct, raise substantial questions). We thus proceed to examine the merits of Appellant's sentencing challenges. *See Archer*, 722 A.2d at 209, 211.

> We note:
>
> The standard of appellate review of discretionary aspects of sentencing is an abuse of discretion. "Discretion is abused when the course pursued [by the trial court] represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will."

*Id.* at 211 (citations omitted). Likewise, "[t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court." *Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) (citation omitted). "Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration[,] 42 Pa.C.S.A. § 9771(b)," and the court "is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Id.* at 1044. Furthermore, "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations." *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010).

We find instructive the decision in ***Commonwealth v. Tisdale***, 334 A.2d 722 (Pa. Super. 1975) (*en banc*), *abrogated on other grounds*, ***Commonwealth v. Kelly***, 78 A.3d 1136, 1145 n.8 (Pa. Super. 2013). In that case, the defendant Tisdale was charged with, *inter alia*, murder, manslaughter, and firearms violations. ***Id.*** at 723. Following a non-jury trial, the trial court granted Tisdale's motion for a directed verdict on the murder and manslaughter charge, but found him guilty of two firearms possessions charges. ***Id.*** After announcing the sentence, the trial court, which had reviewed a pre-sentence report, stated: "I know under the law there were findings made by the Court. But I am convinced that [Tisdale] was very responsible for the death of that man. Very well. That is it." ***Id.***

On appeal, Tisdale argued that in fashioning a sentence, the trial court abused its discretion by considering evidence of another crime for which he was acquitted. ***Id.*** at 724. This Court stated:

> "[T]he trial judge has broad discretion in imposing sentence.[" In ***Commonwealth v. Shoemaker***, 313 A.2d 342 (Pa. Super. 1973)], our Court held that a sentencing court could consider as "prior criminal record" the arrests of the defendant, **whatever the outcome**, that took place prior to the day of sentencing. However, the Court cautioned sentencing judges that a reference to an arrest may not be ambiguous, *i.e.*, it may not be mistaken for a conviction. Therefore, our Court placed upon the sentencing judge the requisite of using sound judgment in making use of the reference. . . .
>
> The federal courts have similarly granted the sentencing judge broad discretion in imposing sentence. They have held that a sentencing judge may consider evidence of other crimes of which defendant has been tried and acquitted or for which he had never even been tried. ***United States v. Atkins***, 480 F.2d 1223 (9th

- 8 -

Cir. 1973); **United States v. Sweig**, 454 F.2d 181 (2d Cir. 1972).

**Tisdale**, 334 A.2d at 724 (some citations omitted) (emphasis in original).

Applying these principles, this Court found no abuse of discretion, reasoning that the trial court was aware that Tisdale "was not convicted of that murder and only weighed such evidence along with other considerations (prior arrests, possibility of employment, and family life) in determining the proper sentence." **Id.**

Additionally, we note that in **Commonwealth v. Archer**, 722 A.2d 203 (Pa. Super. 1998) (*en banc*), the defendant Archer and four co-defendants had a sawed-off rifle and agreed to rob someone. **Id.** at 205. They approached their victim on the street, and while one of the co-defendants pointed the gun at the victim, Archer and two of the men beat and kicked the victim. **Id.** at 205, 207. As the group walked away, yet another co-defendant, Taylor, shot the victim, killing him. **Id.** Following trial, the jury found Archer guilty of, *inter alia*, robbery and conspiracy, but found him not guilty of murder. **Id.** On appeal to this Court, Archer asserted that "because he was acquitted of murder, the gunshot that killed the [victim] cannot be considered," and thus argued that the trial court applied an incorrect offense gravity score when it sentenced him. **Id.** at 208. This Court denied relief, holding that the trial court properly considered the death of the victim:

> The shooting was part of a continuous course of conduct in furtherance of the criminal conspiracy. As such, [Archer] is chargeable for the acts of his co-conspirators. Even though [Archer] was acquitted of murder, the injuries resulting from the

shooting are attributable to [Archer] as well as all other co-conspirators regardless of who fired the gun. [Archer] should not benefit from an inconsistent verdict. "When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon [the] acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity." We find that the court was correct in finding a gravity score of 11, for regardless of the injuries sustained from the assault, the death resulting from the gunshot should have been considered as well.

*Id.* at 212 (citations omitted).

In this case, the trial court reiterated in its opinion that it had reviewed Appellant's presentence report, his personal history, and the effect of his crimes on the community. Trial Court Opinion, 11/30/17, at 4. It also recognized that the jury found Appellant not guilty of two counts of attempted murder and aggravated assault. *Id.* at 1 n.1. The court then explained its reasons for Appellant's sentence:

The facts of the instant matter showed that [Appellant] committed the crimes he was convicted of committing eighteen days after being placed on probation in two PWID cases and that he ignored the law against felons possessing guns, and armed himself with a firearm with an extended clip. He then used that gun to shoot up a city block in the middle of the day for money, putting anyone present at risk of death. His disregard for the members of that community warranted the sentences this Court imposed on him. Also, by committing the crimes herein so soon after being placed on probation for drug dealing, a crime which itself fosters violence and community breakdown, as the instant case demonstrates, Appellant showed that he was not amenable to rehabilitation and that he represented a threat to law-biding citizens. Appellant's actions showed that has a complete disregard for the law and the citizens of Philadelphia, making it imperative for the safely of the community that he receive a lengthy sentence.

*Id.* at 4-5. In a separate discussion on the consecutive nature of Appellant's

sentences, the trial court cited these same factors and "the seriousness of his acts." *Id.* at 6. It opined: "There is nothing on the record to suggest that Appellant was entitled to a 'volume discount' for his crimes by having the sentences for those separate crimes run concurrently, given his complete disregard for the safety of the community and his commission of a crime of violence so soon after being placed on probation." *Id.*

In light of *Tisdale*, *Archer*, the trial court's review of Appellant's pre-sentence report and its recognition that Appellant was found not guilty of attempted murder and aggravated assault, we hold that the trial court did not abuse its discretion in considering the facts of the shooting. As Appellant acknowledges, at trial, two witnesses who were present among the group at D and Indiana Streets identified Appellant as the shooter. The jury's verdict that Appellant was not guilty of the offenses of attempted murder and aggravated assault is not, in itself, necessarily a finding that he did not shoot at the crowd, and Appellant "should not benefit from an inconsistent verdict." *See Archer*, 722 A.2d at 212. It was within the trial court's broad discretion to consider the entire context of the shooting, even though Appellant was found not guilty of attempted murder and aggravated assault. *See Colon*, 102 A.3d at 1043; *Archer*, 722 A.2d at 212; *Tisdale*, 334 A.2d at 724. Furthermore, the trial court provided additional reasons for its sentence: that Appellant committed this offense a mere 18 days after being placed on probation for two counts of PWID, that his earlier PWID and conspiracy

convictions stemmed from drug sales, and that the shooting was related to violent conflicts between rival drug sellers. Having concluded that the court did not abuse its discretion, we affirm the judgments of sentence in both the 2015 and 2016 cases.

Judgments of sentence affirmed.

Judge Panella concurs in the result.

P.J.E. Stevens files dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/18